In the Matter of ROSE R. ROBERTSON, Respondent, v BILLIE H. ROBERTSON, Appellant. (Appeal No. 1.) In the Matter of BILLIE H. ROBERTSON, Appellant, v ROSE R. ROBERTSON, Respondent. (Appeal No. 2.) In the Matter of ROSE R. ROBERTSON, Respondent, v BILLIE H. ROBERTSON, Appellant. (Appeal No. 3.)—Order unanimously reversed, without costs, and matter remitted to Ontario County Family Court for further proceedings in

accordance with the following memorandum: The rule to be applied now in custody cases involving a contest between a natural parent and a nonparent was restated recently by the Court of Appeals in *Matter of Bennett v Jeffreys* (40 NY2d 543); see, also, *Matter of Gomex v Lozado* (40 NY2d 839). In *Bennett* the court held that the State may not deprive a natural parent of the custody of his or her child absent surrender, abandonment, persistent neglect, unfitness or other like extraordinary circumstances. If the court finds such extraordinary circumstances exist, then the determination of custody may be influenced or controlled by what is in the best interests of the child. In this case the Family Court improperly placed the burden of proof upon appellant, the natural father, to demonstrate his entitlement to custody of his daughter. Although it expressly found that the father loved the child and was a fit parent and made no finding which indicated the existence of extraordinary circumstances, the court, nevertheless, awarded custody to respondent, the child's stepmother. The fact that the child had continuously lived with her stepmother (now divorced from appellant) from shortly after birth is significant but whether this and other allegations in the record which may or may not have been credited by the court present the extraordinary circumstance which will shift the inquiry to the best interests of the child is not clear from the record. If the court finds that extraordinary circumstances exist, then it may weigh the child's preferences, the desirability of keeping her with her siblings *(Matter of Ebert v Ebert,* 38 NY2d 700) and the living conditions of the parties to determine what disposition of the case accords with the best interests of the child. Because of the time which has elapsed since the original hearing, there apparently has been some change in the living conditions of the parties, and the court may wish also to update the medical and social reports received in the case with particular further investigation of the allegations of the child's sister concerning the appellant and the findings of the social worker with respect to the baby sitters employed by respondent to care for the children. (Appeal from order of Ontario County Family Court—custody.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.