Memorandum. The order of the Appellate Division should *1026 be reversed and the order of Family Court reinstated. Because of the pendency of two related proceedings there are some procedural complexities to be sorted oiit. What is paramount, however, is the proper resolution of the interests of a young girl, her natural mother and her foster parents.
The proceeding now before us was instituted by the Rock-land County Department of Social Services under section 392 of the Social Services Law for a periodic Family Court review of the foster care placement of this child. Family Court found that the best interests of the child required that her permanent status be ascertained as soon as possible; to that end, pursuant to the provisions of section 392 (subd 7, par [c]), the court directed the prompt institution of a proceeding to legally free her for adoption. We agree with both the objective and the procedural disposition of Family Court. Because of the restricted focus of the foster care review proceeding, the limitation of findings by Family Court to those appropriate to the review of the foster care status of the child, and the insufficiency of the record in general, the present foster care review proceeding is not the appropriate judicial vehicle in which to determine the permanent status of the child. For this reason we reverse the disposition at the Appellate Division.
There is pending, however, another proceeding. Pursuant to the direction of Family Court and pending the appeal to the Appellate Division in the present foster care review proceeding, a second, independent proceeding was instituted under part 1 of article 6 of the Family Court Act which resulted on March 4, 1976 in an adjudication that the child was a permanently neglected child. That proceeding is now on appeal to the Appellate Division. The interests of the child, her natural mother and her foster parents will best be served by resolving the status of the child and the rights and obligations of the parties in that permanent neglect proceeding in conformity with the standards we have enunciated (Matter of Bennett v Jeffreys, 40 NY2d 543). Accordingly, we do not now reach or express any view with respect to the issues which will ultimately be resolved in the permanent neglect proceeding, and our reversal of the disposition at the Appellate Division in the present proceeding should in no way be taken as indicating whether the child should remain with her foster parents or be returned to her mother.
We are prompted, however, in the circumstances disclosed in the record now before us to urge that all proceedings *1027 concerning the child be conducted to their final conclusions with dispatch, in the best interests of the child. To accomplish that result both the Family Court, because of its wide original jurisdiction, and the Appellate Division, given its broad power of review over facts and its equally extensive power to exercise discretion, may choose to initiate, consolidate, or review all proceedings heretofore initiated and any which may hereafter be brought. The subject of all these proceedings is a young child, and ingenuity and energy should be brought to bear, within the limits of due process of law and the applicable statutes, promptly to make appropriate provision for her welfare. It is not mere rhetoric to say that a child in need or distress is a ward of the State which exercises its powers parens patriae through the judicial branch.
In any event the order of the Appellate Division in this proceeding should not be affirmed, in view of its reliance on a result and ratio decidendi recently overturned by this court in Matter of Bennett v Jeffreys (40 NY2d 543, supra).