■ In the Matter of LAMOND B. BROOKLYN HOME FOR CHILDREN,

Appellant; LENA B., et al., Respondents.—In a proceeding pursuant to article 6 of the Family Court Act to, *inter alia,* declare Lamond B., a permanently neglected child, and to free him for adoption by foster parents, petitioner, the Brooklyn Home for Children, appeals from an order of the Family Court, Queens County, dated July 20, 1977, which, *inter alia,* (1) granted a motion made at the close of the petitioner's case to dismiss the petition for failure to prove a prima facie case and (2) directed the petitioner to initiate a program of visitation between the child and his natural mother with a view of returning him to her custody within six months. Order reversed, without costs or disbursements, and proceeding remitted to the Family Court for a new hearing not inconsistent herewith. Where surrender, abandonment, permanent neglect, unfitness or other extraordinary circumstances are found, the issue of custody should turn on the best interests of the child *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 544; see *Matter of Sanjivini K.,* 40 NY2d 1025; *Matter of Robertson v Robertson,* 54 AD2d 1081, 1082). The long period of lack of contact between the natural mother and child, as well as the adoptive desires of the foster parents, provide the extraordinary circumstances requiring an examination of Lamond's best interests. Therefore, the proceeding must be remanded to the Family Court for a new hearing. The court should consider, among other things, the quality of the relationship the child has with both his natural mother and his foster parents, the natural mother's ability to care for Lamond and plan for his future, the mental health of those individuals seeking custody of Lamond, and Lamond's current educational and social situation. In the interim, periodic visits between Lamond and his natural mother should be permitted. Latham, J. P., Damiani, Margett and Hawkins, JJ., concur.