MICHAEL HUMBERT, an Infant, by His Mother and Natural Guardian, LILLIAN HUMBERT, Respondent, v MISERICORDIA HOSPITAL MEDICAL CENTER et al., Appellants, et al., Defendant.

In this medical malpractice action defendants separately moved for summary judgment dismissing the complaint on the basis of an unconditional order of preclusion and the plaintiff mother's clearly stated wish to discontinue the action. The prior offer of plaintiff's counsel of a stipulation of discontinuance could not be accepted because of plaintiff's infancy. *(See,* CPLR 3217 [a] [2].) The only response to the motions was an affirmation by plaintiff's counsel requesting that the relief be granted and reaffirming plaintiff's desire to discontinue the action. A presuit review of the relevant medical records, plaintiff's counsel noted, "did in fact reveal evidence suggestive of departures from good and accepted obstetrical prac-

tices" but subsequent reviews by neonatal, pediatric and neurological experts revealed that plaintiff's disabilities "were directly attributable to a congenital disorder known as cerebral gigantism." By letter annexed, plaintiff's mother and natural guardian confirmed her desire to discontinue the action with prejudice. The motion court held the motion in abeyance pending an examination of the infant plaintiff by an impartial medical expert. A report of that test, conducted at the New York Hospital-Cornell Medical Center, states, "syndromes of cerebral gigantism are unlikely in this patient. However, since these syndromes are generally diagnoses of exclusion based on high variable phenotypic manifestations, such syndromes cannot be definitively ruled out. We would recommend further evaluation by a clinical geneticist to evaluate [plaintiff] for known syndromes." On the basis of the report the court denied the motion. We affirm.

Since the court functions as *parens patriae* in the case of an infant plaintiff, whose interests it has a duty to protect *(see, Matter of Sanjivini K.,* 40 NY2d 1025), the motion court acted appropriately, given the record before it, in refusing to dismiss the action. Since plaintiff's mother, as parent and natural guardian, has apparently made an informed determination to discontinue the matter, our affirmance is without prejudice to a renewed motion based on a showing that plaintiff's disabilities are attributable to a congetinal disorder. Such proof should include a further evaluation by a clinical geneticist. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.