■ In the Matter of STEPHEN SIDNEY W., a Child Alleged to be Permanently Neglected and/or Abandoned. EPISCOPAL SOCIAL SERVICES, INC., Respondent; BRUCE B., Appellant. [724 NYS2d 57] —Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about May 28, 1999, which, *inter alia,* denied appellant's motion to vacate his default in appearing at the dispositional hearing on December 2, 1997, and to vacate the ensuing dispositional order, same court and Justice, entered on or about January 21, 1998, which terminated his parental rights with respect to the subject child upon findings of permanent neglect and abandonment and committed custody and guardianship of the child to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Family Court properly denied appellant's motion to vacate his default in appearing at the dispositional hearing since he failed to set forth a credible reason for failing to appear and a meritorious defense to the petition to terminate his parental rights (*see, Matter of Joshua K.,* 272 AD2d 160, *lv dismissed* 95 NY2d 959). At the time of the dispositional hearing, the child, then seven years old, had had no relationship with appellant, who had seen him only once or twice in his life. In his motion papers, appellant was still unclear, as he had been throughout the relevant proceedings, as to what he wanted to do for the child or hoped to achieve by retaining his parental prerogatives. In short, he furnished no credible reason to support his opposition to the petition, that the child's best interests would be served by a disposition other than termination of his parental rights.

Were Family Court's findings of abandonment and permanent neglect properly before us, we would affirm. Contrary to

appellant's arguments both findings are clearly and convincingly supported by the record. Appellant's two contacts with the agency and one contact with the child during the six-month period immediately prior to the filing of the petition to terminate parental rights, were not sufficient to negate the inference of abandonment (see, Matter of Crawford, 153 AD2d 108), and petitioner's case of permanent neglect against appellant was made out by evidence demonstrating that, although the agency diligently attempted to assist appellant in fulfilling his parental planning obligation, appellant, expressing doubts that he was the child's father, even after an order of filiation had been entered, admittedly failed to formulate the required plan for the subject child's future. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Lerner and Buckley, JJ.