■ In the Matter of JAMIZE G., an Infant. JAMES G., Appellant; EPISCOPAL SOCIAL SERVICES, INC., Respondent. [838 NYS2d 499]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about April 13, 2006, which, to the extent appealed from, determined that respondent natural father's consent was not required for his daughter's adoption, unanimously affirmed, without costs.

The unwed father's argument that he was entitled to a hearing on his motion to be deemed a consent father was waived when, in response to the court's inquiry as to the need for a hearing on the motion, the father asserted that a hearing appeared unwarranted since there were no issues of fact in dispute (*see e.g. Matter of Dasheen S.*, 254 AD2d 24 [1998], *lv denied* 92 NY2d 818 [1999]). Counsel for the father thereafter offered no objection to proceeding on the facts set forth in the motion papers, and the court conducted oral argument on the motion. On the record before this Court, the motion was properly denied, notwithstanding the father's formal acknowledgment of paternity, his establishment of paternity by means of blood testing, and his unchallenged averments that he provided financial support to the mother during her pregnancy and for the first 1½ months of the child's life. The father admittedly discontinued financial support once his daughter was placed in foster care, and made no subsequent offer of assistance or inquiry regarding his financial responsibility to his daughter. Nor did he seek custody of the child, or recommend viable alternative caretakers and, although, as noted, he ultimately submitted to paternity blood testing, he initially failed to abide by court orders directing such tests. Under these circumstances, the father's motion to be deemed a consent father triggered application of the parental responsibility criteria set forth in Domestic Relations Law § 111 (1) (*see Matter of Raquel Marie X.*, 76 NY2d 387 [1990], *cert denied sub nom. Robert C. v Miquel T.*, 498 US 984 [1990]), and there is clear and convincing evidence in the record that the father failed to meet his parental obligations under that statute. Concur—Saxe, J.P., Sullivan, Gonzalez, Catterson and Kavanagh, JJ.