Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about July 23, 2007, which, to the extent appealed from, determined that respondent father’s consent was not required for the adoption of the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children’s Services for the purpose of adoption, unanimously affirmed, without costs.
Respondent argues that he was entitled to a hearing on his motion to be deemed a consent father although he failed to object sufficiently to the lack of a hearing when the court made its determination based on the motion papers that were submitted (see Matter of Jamize G., 40 AD3d 543 [2007], lv denied 9 NY3d 808 [2007]). We need not determine whether respondent thereby waived this argument as the record shows that the court subsequently heard evidence on the issue and properly denied the motion. Although respondent formally acknowledged paternity, established paternity by means of blood testing, and maintained that he provided financial support to the child during the first four months of her life, he admittedly discontinued financial support following the child’s placement in foster care. Respondent’s motion to be deemed a consent father triggers application of the parental responsibility criteria set forth in Domestic Relations Law § 111 (1) (Matter of Jamize G., 40 AD3d at 544; see Matter of Raquel Marie X., 76 NY2d 387 [1990], cert denied sub nom. Robert C. v Miguel T, 498 US 984 [1990]), and while respondent maintained weekly visitation with the child, there is clear and convincing evidence that he otherwise failed to meet his obligations under the statute.
The court’s determination that it would be in the child’s best interests to free her for adoption is supported by a preponderance of the evidence (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). There is no indication that respondent is capable of financially or emotionally caring for his daughter, and *276 the record shows that the child has thrived in her preadoptive home, which she shares with her sibling, and where she has developed a strong bond with her foster mother. Concur— Gonzalez, J.E, McGuire, Moskowitz, DeGrasse and Freedman, JJ.