■ In the Matter of CHARITY W., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON P., Appellant. [914 NYS2d 841]—

Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered September 8, 2009 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, denied respondent's motion to vacate an order of fact-finding and disposition dated April 27, 2009.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding to terminate her parental rights on the ground of permanent neglect, respondent mother failed to appear at the second day of the fact-finding hearing. Family Court proceeded with the fact-finding hearing in the absence of the mother and concluded that she had permanently neglected the subject child. Immediately following the fact-finding hearing, the court conducted a dispositional hearing and determined that it was in the child's best interests to award custody and guardianship of the child to petitioner. The mother thereafter moved to vacate the order entered upon her default, asserting that she had misunderstood the court's statement concerning the continuation date of the fact-finding hearing. The court denied that part of the mother's motion with respect to the finding of permanent neglect, but the court in effect granted that part of the motion with respect to the dispositional phase of the proceedings by reopening the dispositional hearing "in the interests of justice" in order to afford the mother the opportunity to testify and present evidence. The mother testified at the reopened dispositional hearing, whereupon the court adhered to its prior determination to terminate her parental rights.

On appeal, the mother contends that she was deprived of effective assistance of counsel because her assigned attorney failed to ensure that she knew when to appear in court for the continuation of the fact-finding hearing, and failed to provide a meritorious defense in support of the motion to vacate the order entered upon her default. We reject that contention. The record establishes that both the mother and her attorney were notified

of the continuation date of the fact-finding hearing and, under the circumstances, it cannot be said that the mother's attorney was ineffective for failing to do more to ensure that the mother would be present on that date (*see generally Matter of Michael F.*, 16 AD3d 1116 [2005]). Indeed, the mother merely states generally that her attorney "may not have clearly informed her" of the date of the continuation of the fact-finding hearing, but she does not dispute that she was present in court when the date was designated. Contrary to the further contention of the mother, the record establishes that her attorney did in fact attempt to provide the requisite meritorious defense in support of the motion. Although the court determined that the proferred defense lacked merit, that determination does not establish that the mother's attorney was ineffective. Present—Scudder, P.J., Carni, Lindley, Pine and Gorski, JJ.