■ In the Matter of TOTEANNA M., a Child Alleged to be Abandoned. KEYSHANA M., Appellant; ST VINCENT'S SERVICES, INC., Respondent. [11 NYS3d 158]—

Order, Family Court, Bronx County (Linda Tally, J.), entered on or about April 28, 2014, which, upon a fact-finding determination that respondent mother abandoned her child, terminated her parental rights and transferred custody and guardianship of the child jointly to petitioner agency and the New York City Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of abandonment was warranted since it was established by clear and convincing evidence that during the six-month period immediately prior to the date of filing of the

petition, respondent evinced an intent to forgo her parental rights as manifested by her failure to visit or communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by that agency (*see* Social Services Law § 384-b [3] [g]; [5] [a]). Her "[s]poradic or insubstantial contact [was] insufficient to defeat a finding of abandonment" (*Matter of Gabriella I. [Jessica J.]*, 79 AD3d 1317, 1318 [3d Dept 2010], *lv denied* 16 NY3d 704 [2011]). The record established that, at most, the mother called the agency once or twice during the six-month period prior to the filing of the petition. The mother never followed-up, visited in person, or made any other attempts to contact the child. If any error occurred in admitting the case records of the Graham Windham agency, it was harmless given that ample evidence of abandonment was presented through the testimony of the St. Vincent's Services caseworker and the respondent herself.

Although the agency may have improperly directed the mother to seek visitation of the child through court proceedings, an inappropriate referral is insufficient to defeat a showing of abandonment, as the agency is not required to prove that it made diligent efforts to encourage the parent to make contact with the child (*Matter of Bibianamiet L.-M. [Miledy L.N.]*, 71 AD3d 402, 403 [1st Dept 2010]).

In determining the best interests of the child, the court considered "among other things, the quality of the relationship the child has with both his natural mother and his foster parents, the natural mother's ability to care for [the child] and plan for his future, the mental health of those individuals seeking custody of [the child], and [the child]'s current educational and social situation" (*Matter of Lamond B.*, 64 AD2d 625, 626 [2d Dept 1978]).

The child has lived with her foster family since she was six months old, and has only spent a matter of hours with the mother, accumulated during inconsistent monthly, one-hour visits. Notwithstanding the mother's completion of her service plan, there was clear and convincing evidence that she had failed to plan for her child's future. The determination as to the child's best interests, in furtherance of finding her a permanent home, was supported by a preponderance of the evidence highlighting the current positive environment of the foster mother who desires to adopt (*see Matter of Violeta P.*, 45 AD3d 352 [1st Dept 2007]). The foster mother has cared for the child, addressed numerous health issues, and provided quality care (*see Matter of Taaliyah Simone S.D.*, 28 AD3d 371 [1st Dept 2006]). There is no reason to disturb the finding of the

Family Court that consideration of the best interests of the child require that custody and guardianship of the child be transferred jointly to the petitioner agency and the Commissioner of Social Services for the purpose of adoption by the foster parents, rather than directing a suspended judgment. Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.