■ In the Matter of JONATHAN M.H., an Infant. REGINALD H., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [22 NYS3d 830]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about September 29, 2014, which, to the extent appealed from, upon a fact-finding that respondent father's consent is not required for the subject child's adoption, committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The father's failure to provide any financial support for the child from the time he came into foster care defeats his contention that his consent to the child's adoption is required (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Isis S.C. [Lamont C.]*, 88 AD3d 602, 603 [1st Dept 2011]). Moreover, the father, while incarcerated, did not make efforts to maintain regular communication with the child, the agency or the person who had custody of the child (*see id.*). Neither the father's incarceration nor any failure by the agency to inform him of his obligations absolved him of his obligations to support and maintain regular communication with the child (*see Matter of Isis*, 88 AD3d at 603).

Family Court providently exercised its discretion in denying the father's request for an adjournment of the fact-finding hearing (*see Matter of Amilya Jayla S. [Princess Debbie A.]*, 83 AD3d 582, 583 [1st Dept 2011]), where he declined to be produced for the hearing until he could ensure that he would be returned to his preferred prison facility.

A preponderance of the evidence supports Family Court's determination that it is in the child's best interests to transfer his custody and guardianship to the agency so as to free him for adoption by his foster mother, who is also his godmother (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *see also Amilya Jayla S.*, 83 AD3d at 583). The record does not show that the father's family was interested in obtaining custody of the child.

We have considered the father's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ.