■ In the Matter of MYA ANAYA M., an Infant. CHILDREN'S AID SOCIETY et al., Respondents; BARRY M., Appellant. [28 NYS3d 599]—

Order, Family Court, New York County (Susan Knipps, J.), entered on or about May 5, 2015, which, among other things, found that respondent father had abandoned the subject child and that his consent to the child's adoption is not required, unanimously affirmed, without costs.

Clear and convincing evidence supports the finding that the father's consent to adoption is not required under Domestic Relations Law § 111 (1) (d) (*see Matter of Isaac Ansimeon F. [Mark P.]*, 128 AD3d 486, 486 [1st Dept 2015]). The father's admission that he failed to provide financial support for the child is fatal to his claim (*id.*). Petitioner agency had no obligation to inform him of his parental obligations (*Matter of Tiara J. [Anthony Lamont A.]*, 118 AD3d 545, 546 [1st Dept 2014]).

The finding of abandonment is also supported by clear and convincing evidence (*see* Social Services Law § 384-b [3] [g] [i]; [4] [b]). The father's two visits to the child at the beginning of the relevant period are insufficient to preclude a finding of abandonment (*Matter of Jaylen Derrick Jermaine A. [Samuel K.]*, 125 AD3d 535, 535-536 [1st Dept 2015]; *Matter of Mariah A. [Hugo A.]*, 109 AD3d 751, 752 [1st Dept 2013], *lv dismissed* 22 NY3d 994 [2013]). The father failed to show that he was unable to visit or communicate with the child or the agency, or that the agency prevented or discouraged him from doing so (Social Services Law § 384-b [5] [a]; *Matter of Toteanna M. [Keyshana M.]*, 129 AD3d 529, 529-530 [1st Dept 2015], *lv denied* 26 NY3d 906 [2015]). The agency was under no obligation to make diligent efforts to encourage the father to visit or communicate with the child (Social Services Law § 384-b [5] [b]; *Toteanna*, 129 AD3d at 530). Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.