■ In the Matter of ESSENCE T.W. and Others, Children Alleged to be Permanently Neglected. DESTINEE R.W., Appellant; CATHOLIC GUARDIAN SERVICES, Respondent. [30 NYS3d 98]—

Orders of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about October 17, 2014, to the extent they bring up for review the fact-finding determination that respondent permanently neglected the subject children, unanimously affirmed, without costs, and appeals therefrom otherwise dismissed, without costs, as taken from nonappealable orders.

The finding of permanent neglect is supported by clear and convincing evidence that, during the statutorily relevant period, despite petitioner agency's diligent efforts, respondent failed to address meaningfully the problems leading to the children's placement, and thus failed to plan for their future (*see* Social Services Law § 384-b [7] [a]; [3] [g] [i]; *Matter of Ashley R. [Latarsha R.]*, 103 AD3d 573 [1st Dept 2013], *lv denied* 21

NY3d 857 [2013]). Petitioner's referrals of respondent to counseling programs and parenting classes, arranging for visitation, and directing random drug screens constituted the diligent efforts required by the statute (*see* Social Services Law § 384-b [7] [f]); petitioner was not a guarantor of respondent's success in overcoming her predicament (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]). The finding of permanent neglect is also supported by clear and convincing evidence that, despite petitioner's diligent scheduling efforts, respondent failed to maintain regular contact with the children (*see* Social Services Law § 384-b [7] [a]).

We reject respondent's contention that petitioner failed to make diligent efforts to help her tackle the problems identified in her mental health evaluation, and thus failed to strengthen and encourage the parent-child relationship (*see* Social Services Law § 384-b [7] [f]; *Matter of Imani Elizabeth W.*, 56 AD3d 318 [1st Dept 2008]). Petitioner worked with respondent to include individual therapy in her service plan, and, although it reminded her to keep her appointments, respondent failed to attend them.

No appeal lies from the dispositional portions of the orders, since those portions were entered on default (*see* CPLR 5511; *Matter of Monique Twana C.*, 246 AD2d 351 [1st Dept 1998]). In any event, a preponderance of the evidence at the dispositional hearing established that the best interests of the children would be served by terminating respondent's parental rights (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The children have bonded with their foster mother, who has met all their needs and wishes to adopt them (*see Matter of Emily Jane Star R. [Evelyn R.]*, 117 AD3d 646 [1st Dept 2014]). Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.