■ In the Matter of the Adoption of NEVAEH R., an Infant. VERONICA B., Respondent; RUEBEN M., Appellant. [32 NYS3d 154]—

Order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about February 12, 2015, which, after a hearing, denied the motion of respondent, the putative father of the subject child, and declared that he is not entitled to notice and that his consent is not required for the adoption of the child, unanimously affirmed, without costs.

Family Court correctly determined that Domestic Relations Law § 111 (1) (e) is applicable, because the subject child was under the age of six months at the time she was placed for adoption (§ 111 [1] [e]). Respondent did not even attempt to meet the statutory criteria of the subdivision, and could not, because, among other reasons, it is undisputed that he did not "openly live[ ] with the child or the child's mother for a continuous period of six months immediately preceding the placement of the child for adoption" (§ 111 [1] [e] [i]).

Respondent failed to establish a constitutionally protected right to fully develop a relationship with the child, because he did not "manifest[ ] his willingness to be a custodial parent" (*Matter of Robert O. v Russell K.*, 80 NY2d 254, 265 [1992]). He did not file his paternity petition until after the child was one year old and had been living with petitioner, the adoptive mother, for nearly eight months. Moreover, he has not seen the child since 2013. Family Court properly determined that respondent made no meaningful effort to parent, support, or see the child until after he learned that she was to be adopted without his consent.

Family Court correctly determined that respondent failed to show that he is entitled to notice pursuant to Domestic Relations Law § 111-a (2). Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ.