■ In the Matter of Jaydein Celso M. and Another, Children Alleged to be Permanently Neglected. Diana E., Appellant; The Children's Aid Society, Respondent. [43 NYS3d 752]—

Orders, Family Court, New York County (Clark V. Richardson, J.), entered on or about August 11, 2015, which, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The determination that the mother permanently neglected

the children is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). The agency made diligent efforts to assist the mother by developing an individualized plan tailored to fit her situation and needs, including referrals for drug and mental health counseling, visitation, and random drug testing (*see e.g. Matter of Adam Mike M. [Jeffrey M.]*, 104 AD3d 572 [1st Dept 2013]). Despite these diligent efforts, the mother failed to complete or benefit from the services offered to her, and continued to deny responsibility for the conditions necessitating the children's removal from her care in the first place (*id.*). The record further shows that the mother repeatedly failed her drug tests, was incarcerated and continued to associate with the father who was subject to an order of protection. The mother has also failed to exhibit an understanding of the children's special needs, which are significant, and is further evidence of her failure to plan (*see Matter of Juanita H.*, 245 AD2d 89 [1st Dept 1997], *lv denied* 91 NY2d 811 [1998]).

The preponderance of the evidence supports the court's determination that termination of the mother's parental rights was in the best interests of the children, as they have been in a stable and loving foster home for several years, all of their basic and special needs are being met, and their foster mother wishes to adopt them (*see Matter of Jayvon Nathaniel L. [Natasha A.]*, 70 AD3d 580 [1st Dept 2010]). Nor do the circumstances presented warrant a suspended judgment (*id.*). Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.