■ In the Matter of Gabriella Kamina M., an Infant. Naquwan T., Appellant; Edwin Gould Services for Children and Families, Respondent. [45 NYS3d 44]—

Order, Family Court, Bronx County (Linda Tally, J.), entered on or about August 20, 2015, which, inter alia, determined that respondent father's consent to the subject child's adoption was not required, unanimously affirmed, without costs.

Petitioner agency proved by clear and convincing evidence that the father only had minimal and sporadic contact with the child and the agency, and that the father did not provide the child with any financial support (*see Matter of S'Mya Jade R. [Paul Gregory R.]*, 135 AD3d 488 [1st Dept 2016]). The father

did not contact the agency to set up visits with the child while he was incarcerated, and did not begin visiting with the child until well after the filing of the agency's petition, when the child was about two years old. The father's incarceration does not absolve him of the obligation of maintaining regular contact with the child and providing financial support for her, according to his means (*see Matter of Jonathan M.H. [Reginald H.]*, 135 AD3d 493 [1st Dept 2016], *lv denied* 27 NY3d 904 [2016]). Furthermore, the father was not listed on the child's birth certificate or in the putative father registry, and he did not file his paternity petition until after the agency filed its petition, when the child was over a year old (*see Matter of Nevaeh R. [Veronica B.—Rueben M.]*, 139 AD3d 602 [1st Dept 2016]).

We have considered the father's remaining arguments and find them unavailing. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.