In the Matter of SYDNEY A.B., an Infant. FELICIA M. et al., Appellants; CATHOLIC GUARDIAN SERVICES, Respondent, et al., Petitioner. [57 NYS3d 33]—

Order of fact-finding and disposition (one paper), Family Court, New York County (Jane Pearl, J.), entered on or about June 7, 2016, which, after a hearing, determined that respondent mother had permanently neglected the subject child, terminated the mother's parental rights and transferred custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, and determined that respondent father's consent was not required for the adoption of the child, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and

convincing evidence (*see* Social Services Law § 384-b [7] [a]), including the testimony of the case planner and the agency's progress notes. The record establishes that the agency made diligent efforts to encourage and strengthen the parental relationship by, among other things, formulating a service plan, discussing with the mother the necessity of complying with the plan, making referrals for services, monitoring the mother's progress, and facilitating visitation (*see* § 384-b [7] [f]; *see e.g. Matter of Isaac A.F. [Crystal F.]*, 133 AD3d 515 [1st Dept 2015], *lv denied* 27 NY3d 901 [2016]). Despite such efforts, however, the mother failed to visit the child on a consistent basis, was noncompliant with critical services, including drug, alcohol and mental health treatment, and failed to plan for the child's return (*see Matter of Nevaeh Karen B. [Tamara B.]*, 134 AD3d 438, 439 [1st Dept 2015]).

A preponderance of the evidence supports Family Court's determination terminating the mother's parental rights (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]), given the evidence that the mother had not made any progress in overcoming the problems that led to the child's placement (*see Matter of Zhane A.F. [Andrea V.F.]*, 139 AD3d 458, 459 [1st Dept 2016], *lv denied* 27 NY3d 1187 [2016]), or gained any insight or taken responsibility for her actions (*see Matter of Deime Zechariah Luke M. [Sharon Tiffany M.]*, 112 AD3d 535, 536 [1st Dept 2013], *lv denied* 22 NY3d 863 [2014]). Under the circumstances, Family Court correctly rejected a suspended judgment, especially since the child, who has special needs, needs stability, which he obtained in the long-term foster home, where he was well-cared for and doing well (*see Matter of Zhane*, 139 AD3d at 459).

Evidence of the father's failure to pay fair and reasonable support for the child according to his means is fatal to his claim that he is entitled to more than notice of the child's adoption (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Sjuqwan Anthony Zion Perry M. [Charnise Antonia M.]*, 111 AD3d 473, 473 [1st Dept 2013], *lv denied* 22 NY3d 864 [2014]). Moreover, the father failed to consistently visit the child or maintain regular communication with the child or the child's custodians (*see* Domestic Relations Law § 111 [1] [d]). Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.