■ In the Matter of JACKIE ANN W., an Infant. LETICIA ANN W., Appellant; SAINT DOMINIC'S HOME, Respondent. [61 NYS3d 534]—

Order, Family Court, New York County (Douglas Hoffman, J.), entered on or about March 22, 2016, which, upon findings of mental illness, abandonment and permanent neglect, terminated respondent mother's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence, including expert testimony from a court-appointed psychologist who examined the mother on two occasions and reviewed her available medical records, supported the determination that she is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child (*see* Social Services Law § 384-b [3] [g] [i]; [4] [c]; *Matter of Lashawn Shanteal R.*, 14 AD3d 467, 467 [1st Dept 2005]).

The psychologist testified that the mother suffers from schizophrenia. The psychologist also found that the mother lacked insight into her illness, as demonstrated by her stated belief that continued treatment was unnecessary. The fact that, at the time of the hearing, the mother's illness was in remission is immaterial, given the psychologist's unrefuted testimony that the mother's prognosis was "poor" and that her symptoms were likely to recur. This testimony was supported by the mother's history of noncompliance with treatment and resulting decompensation, which was previously demonstrated in proceedings brought to terminate her parental rights to her two older children (*Matter of Justin Javonte R. [Leticia W.]*, 103 AD3d 524, 525 [1st Dept 2013]).

Clear and convincing evidence also supported the determination that the mother had abandoned the child by failing to visit or communicate with the child or the agency for the six months immediately prior to the filing of the petition, although she was able to do so and not prevented or discouraged from doing so by the agency (*see* Social Services Law § 384-b [3] [g] [i]; [4] [b]; [5] [a]; *Matter of Jordan Anthony H. [Melissa Ann S.]*, 103 AD3d 465, 465 [1st Dept 2013], *lv denied* 21 NY3d 854 [2013]). The mother's three contacts with the agency during this period were not sufficient to negate the inference of abandonment (*see Matter of Jasiaia Lew R. [Aylyn R.]*, 101 AD3d 568, 569 [1st Dept 2012]; *Matter of Stephen Sidney W.*, 283 AD2d 153, 154 [1st Dept 2001]). The mother's hospitalization for some portion of the six-month period does not automatically excuse her from maintaining contact before and after that hospitalization (*Matter of Madelynn T. [Rebecca M.]*, 148 AD3d 1784, 1785-1786

[4th Dept 2017]; *see also Matter of Isaiah Johnathan S.*, 33 AD3d 459, 459 [1st Dept 2006]). Additionally, the record reflects that the agency responded appropriately to the mother's inquiries, but was unable to locate her for much of the relevant period. The agency was not required to demonstrate "diligent efforts" to encourage the mother to maintain contact (Social Services Law § 384-b [5] [b]; *Matter of Gabrielle HH.*, 1 NY3d 549, 550 [2003]).

Lastly, clear and convincing evidence supported the determination that the mother permanently neglected the child by failing for at least one year to "maintain contact with or plan for the future of the child, although physically and financially able to do so" (Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368, 380 [1984]). The agency was not required to prove that it made "diligent efforts to encourage and strengthen the parental relationship," because the mother failed for a period of over six months to keep the agency apprised of her location (Social Services Law § 384-b [7] [a], [e] [i]; *Matter of Kimberly Vanessa J.*, 37 AD3d 185, 185-186 [1st Dept 2007]). In any event, the agency demonstrated that it made diligent efforts under the circumstances. The agency scheduled regular supervised visitation, created planning goals, and ensured that the mother had access to mental health services; it cannot be faulted for the mother's failure to take advantage of these efforts or to maintain contact with the agency (*see Matter of Alexis Alexandra G. [Brandy H.]*, 134 AD3d 547, 548 [1st Dept 2015]; *Matter of Piery Vinette D.*, 15 AD3d 223, 223 [1st Dept 2005]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Richter, J.P., Gische, Kapnick, Kahn and Kern, JJ.