Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about January 28, 2016, insofar as it found, after a hearing, that respondent’s consent was not required for the subject child’s adoption, and, in the alternative, that he abandoned the child, and terminated his parental rights, unanimously affirmed, without costs.
 

 Clear and convincing evidence supports the finding that respondent’s consent for the child’s adoption was not required (Matter of Jamize G., 40 AD3d 543, 544 [1st Dept 2007], lv denied 9 NY3d 808 [2007]). Respondent’s testimony that he paid child support between July 11, 2007 and 2010 pursuant to an order was insufficient to show that he was a source of consistent support for the child, because he also testified that he did not pay support between 2012 and the June 18, 2014 petition (see Matter of Javon Reginald G. [Everton Reginald G.], 89 AD3d 456, 457 [1st Dept 2011]; Matter of Tyshawn Jaraind C., 33 AD3d 488 [1st Dept 2006]).
 

 We also find that clear and convincing evidence supports the Family Court’s alternative finding that even if respondent was found to be a consent father, he abandoned the child because the foster mother’s testimony, as well as his own, established that he did not attempt to contact the child or the agency during the relevant statutory period (see Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543, 544 [1st Dept 2014]; Matter of Nevaba J., 56 AD3d 989, 990 [3d Dept 2008], lv denied 11 NY3d 716 [2009]; Matter of Shalena Lee C., 197 AD2d 404 [1st Dept 1993]). Moreover, respondent did not establish that the agency discouraged or prevented him from having contact with the child or that he suffered from a severe hardship that so permeated his life that attempts at communication were not feasible (see Social Services Law § 384-b [5] [a]; Matter of Isaiah Johnathan S., 33 AD3d 459 [1st Dept 2006]).
 

 The Family Court was not required to hold a dispositional hearing to determine the child’s best interests after it entered an alternate finding of abandonment against appellant (see Matter of ‘Male” G., 30 AD3d 337, 338 [1st Dept 2006], lv denied 7 NY3d 711 [2006]). Given the fact that respondent had not seen the child in several years, the court providently exercised its discretion in declining to conduct such hearing (see Matter of Anthony M., 29 AD3d 404, 405 [1st Dept 2006]). Respondent’s contention that the agency should have contacted him before the petition was filed is unavailing because the agency had no obligation to make diligent efforts in the case of abandonment (see Matter of Andre W., 298 AD2d 206 [1st Dept 2002]).
 

 Concur — Tom, J.R, Manzanet-Daniels, Mazzarelli, Oing and Singh, JJ.