Matter of Tion Lavon J. (Saadiasha J.) (2018 NY Slip Op 02022)





Matter of Tion Lavon J. (Saadiasha J.)


2018 NY Slip Op 02022


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6082

[*1]In re Tion Lavon J., A Dependent Child Under Eighteen Years of Age, etc., Saadiasha J., Respondent-Appellant, Good Shepherd Services, Petitioner-Respondent.


George E. Reed, Jr., White Plains, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the child.



Order of fact-finding and disposition (one paper), Family Court, New York County (Sarah P. Cooper, J.), entered on or about April 21, 2017, which found that respondent mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to petitioner Good Shepherd Services and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence which demonstrates that the agency made diligent efforts to encourage and strengthen the parental relationship by, among other things, referring the mother for drug treatment programs and mental health services, as well as scheduling visitation with the child (see Matter of Jaydein Celso M. [Diana E.], 146 AD3d 448 [1st Dept 2017]; Matter of Essence T.W. [Destinee R.W.], 139 AD3d 403 [1st Dept 2016]).
Despite these efforts, however, the mother failed to plan for the child. The mother failed to provide the agency with accurate contact information (see Matter of Jackie Ann W. [Leticia Ann W.], 154 AD3d 459 [1st Dept 2017]), and failed to comply with the requirements of her service plan (see Matter of Sheila G., 61 NY2d 368, 373 [1984]; Matter of Star Leslie W., 63 NY2d 136, 144 [1984]). The mother failed to engage in mental health services or a drug treatment program, failed to submit to random drug tests and continued to use illegal drugs, and failed to visit with the child consistently (see Matter of Jaydein Celso M., 146 AD3d 448). The mother gained no insight into the reasons for the child's placement in foster care, nor benefitted from the minimal services with which she complied (see Matter of Sydney A.B. [Felicia M.], 151 AD3d 533 [1st Dept 2017], lv denied 29 NY3d 917 [2017]).
The record supports the determination that termination is in the best interest of the child, and suspended judgment is unwarranted. The mother had engaged in scant services, and there was no indication the mother was able to care for the child or would be in the future. The record suggested that the mother's issues appeared to have worsened, such that the court noted that it had no choice but to terminate her parental rights (see Matter of Zhane A.F. [Andrea V.F.], 139 AD3d 458, 459 [1st Dept 2016], lv denied 27 NY3d 1187 [2016]).
A suspended judgment would serve only to prolong the child's lack of permanence, and would not have been in his best interest (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490, 491 [1st Dept 2011], lv denied 18 NY3d 805 [2012]). The child's interests would best be served by freeing him for adoption by his maternal great aunt, who has met all of his [*2]needs and wishes to adopt him, and with whom he is stable and doing well and wishes to remain (see Matter of Isiah Steven A. [Anne Elizabeth Pierre L.], 100 AD3d 559, 560 [1st Dept 2012], lv denied 20 NY3d 859 [2013]).
We have considered the mother's remaining arguments and find them unpreserved and unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK