Matter of Khiry A.N.B., Jr. (Khiry A.N.B.) (2018 NY Slip Op 03931)





Matter of Khiry A.N.B., Jr. (Khiry A.N.B.)


2018 NY Slip Op 03931


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6760

[*1]In re Khiry A.N.B., Jr., A Dependent Child Under the Age of Eighteen Years, etc., Khiry A.N.B., Respondent-Appellant, Cardinal McCloskey Community Services, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Law Office of Ava G. Gutfriend, Bronx (Ava G. Gutfriend of counsel), attorney for child.



Order, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about May 4, 2017, which, inter alia, found that respondent father's consent was not required for the adoption of the subject child, unanimously affirmed, without costs.
Respondent was not entitled to more than notice of the child's adoption in light of the evidence that he failed to pay fair and reasonable support for the child according to his means (see Domestic Relations Law § 111[1][d]; Matter of Sydney A.B. [Felicia M.], 151 AD3d 533 [1st Dept 2017], lv denied 29 NY3d 917 [2017]; Matter of Mya Anaya M. [Barry M.], 138 AD3d 569 [1st Dept 2016]). Even assuming that respondent provided financial support for the child while the child briefly was discharged to his care, from May 13 to July 5, 2015, he failed to show that he was a source of consistent support for the child, because he did not provide financial support prior to that time (see Matter of Jayvon Jose R. [Francisco S.], 154 AD3d 600 [1st Dept 2017]). Neither respondent's subsequent incarceration nor any failure on the part of the agency to inform him of his obligations absolved him of his responsibility to support and regularly communicate with the child (see Matter of Jonathan M.H. [Reginald H.], 135 AD3d 493 [1st Dept 2016], lv denied 27 NY3d 904 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK