Matter of Bryce Raymond R. (Ann M.) (2018 NY Slip Op 04508)





Matter of Bryce Raymond R. (Ann M.)


2018 NY Slip Op 04508


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6906

[*1]In re Bryce Raymond R., etc., A Dependent Child Under the Age of Eighteen Years, etc., Ann M., Respondent-Appellant, New York Foundling Hospital, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Daniel Gartenstein, Long Island City, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.



Order of fact-finding and disposition (one paper), Family Court, New York County (Jane Pearl, J.), entered on or about May 24, 2017, which, inter alia, found that respondent mother permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to petitioner agency and New York City Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b[7][a]). The record demonstrates that the agency made diligent efforts to encourage and strengthen the parental relationship by, among other things, referring the mother for drug treatment programs and mental health services, arranging random drug screens, and monitoring her progress, as well as scheduling visitation with the child (see Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579 [1st Dept 2018]; Matter of Essence T.W. [Destinee R.W.], 139 AD3d 403 [1st Dept 2016]). Despite these efforts, the mother failed to plan for the child by complying with the requirements of her service plan. During the relevant period, the mother failed to complete a drug treatment program, or to regularly engage in mental health services and submit to random drug tests. After entering a program, she relapsed to illegal drug use, and failed to visit with the child consistently (see Matter of Jaydein Celso M. [Diana E.], 146 AD3d 448 [1st Dept 2017]).
The mother's contention that she was deprived of her right to counsel during the fact-finding hearing is belied by the record. The mother was at all times, including a brief period when her assigned counsel was late and another attorney from her office appeared for her, represented by counsel. Moreover, there is no showing that the mother was prejudiced by the appearance of the other attorney, and, considering the totality of the circumstances, she was provided with meaningful representation (see Matter of Brenden O., 20 AD3d 722 [3d Dept 2005]).
The record supports the determination that termination is in the best interests of the child, and a suspended judgment is not warranted under the circumstances. There was no indication the mother was able to care for the child or would be able to do so in the future, and a suspended judgment would only serve to prolong the child's lack of permanence (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490, 491 [1st Dept 2011], lv denied 18 NY3d 805 [2012]). It is clear that the child's interests would best be served by freeing him for adoption by [*2]his foster parents, who have raised him since infancy and wish to adopt him (see Matter of Isiah Steven A. [Anne Elizabeth Pierre L.], 100 AD3d 559, 560 [1st Dept 2012], lv denied 20 NY3d 859 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK