Matter of Messiah C.T. (Eusebio C.T.) (2020 NY Slip Op 01241)





Matter of Messiah C.T. (Eusebio C.T.)


2020 NY Slip Op 01241


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11062 -10204/17

[*1] In re Messiah C.T., A Child Under the Age of Eighteen Years, etc., Eusebio C.T., Respondent-Appellant, The Children's Village, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Law Office of James M. Abramson, PLLC, New York (James M. Abramson of counsel), for respondent.
Dawne Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Patria Frias-Colon, J.), entered on or about July 24, 2018, which, upon a finding of abandonment, terminated respondent father's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of abandonment is supported by clear and convincing evidence that the father did not visit the child or communicate with the child or the agency, although able to do so and not prevented or discouraged from doing so by the agency, during the six months immediately preceding the filing of the termination petition (see Social Services Law § 384-b[4][b]; [5][a]). "While [an incarcerated] parent of course is not able to visit the child, he or she is still presumed able to communicate absent proof to the contrary" (Matter of Annette B., 4 NY3d 509, 514 [2005]).
Here, the agency showed, through the credible testimony of the caseworker assigned to the case, that while it sent the father three letters, it received no communication from him during the six-month period. The father testified that, to the contrary, he mailed the agency seven letters he wanted forwarded to the child during those six months. The court providently determined that even if it were to credit the father's testimony, his attempts to communicate with the child were too sporadic and insubstantial to defeat the finding of abandonment (see e.g. Matter of Christie A.M., 57 AD3d 225, 225-226 [1st Dept 2008]).
The father's argument that the court improvidently exercised its discretion in failing to hold a dispositional hearing is not preserved for appellate review (see Matter of Jeremiah M. [Sabrina Ann M.], 109 AD3d 736, 737 [1st Dept], lv denied 22 NY3d 856 [2013]). In any event, the court providently exercised its discretion in declining to conduct a dispositional hearing following its finding of abandonment since such hearing is not statutorily required and the father [*2]had not seen or communicated with the child for several years (see Matter of Jayvon Jose R. [Francisco S.], 154 AD3d 600 [1st Dept 2017]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK