Matter of Aryanna S. (Sean S.) (2020 NY Slip Op 02366)





Matter of Aryanna S. (Sean S.)


2020 NY Slip Op 02366


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11404 -14973/17

[*1]In re Aryanna S. also known as Aryanna H., A Dependant Child Under the Age of Eighteen Years, etc. Sean S., Respondent-Appellant, Good Shepherd Services, Petitioner-Respondent.


Marion C. Perry, Brooklyn, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about May 18, 2018, which, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and transferred custody of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Although respondent failed to demonstrate either a reasonable excuse for his default in appearing for the fact-finding hearing or a meritorious defense (see CPLR 5015[a][1]), Family Court reopened the hearing, in the interest of justice, for the limited purpose of permitting him to offer evidence on the issues of permanent neglect and the child's best interests. Respondent's contention that the court erred in not granting him a trial de novo is unpreserved and in any event unavailing (see e.g. Matter of Charity W. [Sharon P.], 79 AD3d 1722 [4th Dept 2010], lv denied 16 NY3d 707 [2011]).
The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b[7][a]). The record demonstrates that petitioner made diligent efforts to encourage and strengthen the parental relationship by, among other things, referring respondent to a batterer's program, a substance abuse program, a parenting skills program, and mental health services, as well as scheduling visitation with the child and keeping itself apprised of his progress (see Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579 [1st Dept 2018]). However, despite these efforts, respondent failed to plan for the child by complying with the requirements of his service plan. During the relevant period, respondent failed, among other things, to complete a substance abuse treatment program and to engage regularly in mental health services. He relapsed into illegal drug use and failed to attend a batterers' program or obtain suitable housing (see Matter of Jaydein Celso M. [Diana E.], 146 AD3d 448 [1st Dept 2017]).
The record supports the determination that termination of respondent's parental rights is in the best interest of the child and that a suspended judgment is not warranted. There is no indication that respondent is able to care for the child or will be able to do so in the future; a suspended judgment would only serve to prolong the lack of permanence in the child's life (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490 [1st Dept 2011], lv denied 18 NY3d 805 [2012]). Moreover, the child has a loving relationship with the foster mother with [*2]whom she had been living for the past several years and who wishes to adopt her (see Matter of Isiah Steven A. [Anne Elizabeth Pierre L.], 100 AD3d 559 [1st Dept 2012], lv denied 20 NY3d 859 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK