Matter of Pandora S.D. (Isabelle D.) (2024 NY Slip Op 05136)

Matter of Pandora S.D. (Isabelle D.)

2024 NY Slip Op 05136

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Friedman, Higgitt, Rosado, JJ. 

Docket No. B-07951/20 Appeal No. 2839 Case No. 2023-04568 

[*1]In the Matter of Pandora S.D., Also Known as Pandora D., A Dependent Child Under Eighteen Years of Age, etc., Isabelle D., et al., Respondents-Appellants, Cardinal McCloskey Community Services, Petitioner-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for Isabelle D., appellant.
Jay A. Maller, New York, for John D., appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Maria Arias, J.), entered on or about July 28, 2023, which, upon findings of permanent neglect and abandonment by respondents mother and father, terminated their parental rights to the subject child and transferred custody of the child to petitioner agency and the Administration for Children's Services, unanimously affirmed, without costs.
The finding of abandonment is supported by clear and convincing evidence that for a period in excess of six months immediately prior to the filing of the petition, between December 2019 and October 2020, the mother and father did not visit the child and had minimal contacts with the agency (see Social Services Law § 384-b[4][b]; [5][a]; Matter of Jahnel B. [Carlene Elizabeth B.], 143 AD3d 416, 417 [1st Dept 2016]; Matter of Messiah C.T. [Eusebio C.T.], 180 AD3d 544, 544 [1st Dept 2020]). Contrary to the father's contention, although the abandonment cause of action was not pleaded in the petition, as the evidence established a cause of action for abandonment, Family Court has the authority to conform the pleadings to the proof, sua sponte (see Matter of Melinda B. v. Jonathan L. P., 187 AD3d 631, 631-632 [1st Dept 2020]).
The finding of permanent neglect also was supported by clear and convincing evidence (see Social Services Law § 384-b[7][a]). The agency met its obligations to make diligent efforts as to both parents. As to the mother, the agency scheduled regular visits and made referrals for mental health and related services (see Matter of Ashley R. [Latarsha R.], 103 AD3d 573, 574 [1st Dept 2013], lv denied 21 NY3d 857 [2013]), visited her residence on a regular basis, invited her to conferences at the agency and the child's medical appointments, and communicated regularly with her service providers, notwithstanding that, beginning in August 2019, the mother indicated that she was considering a conditional surrender. The father was also offered visitation and invited to participate in conferences at the agency and attend the child's medical appointments, and while the agency planned to implement a service plan for him, he told the agency that he did not intend to plan for the child.
Despite the agency's diligent efforts, the parents permanently neglected the child. Beginning December 2019, neither parent visited the child, and the mother was neither complying with mental health treatment nor maintaining contact with the agency (see Matter of Tashameeka Valerie P. [Priscilla P.], 102 AD3d 614, 615 [1st Dept 2013], lv denied 21 NY3d 852 [2013]; Matter of Isis M. [Deeanna C.], 114 AD3d 480, 480-481 [1st Dept 2014]).
Contrary to the father's argument, he provides no authority to suggest that the court, having terminated his parental rights under Social Services Law § 384-b, was required to address the alternative cause of action pleaded in the petition under Domestic Relations Law § 111.
We have considered the remaining arguments [*2]and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024