Matter of I.C.D (2025 NY Slip Op 06544)

Matter of I.C.D

2025 NY Slip Op 06544

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Docket No. B-14015/22|Appeal No. 5221|Case No. 2024-05775|

[*1]In the Matter of I.C.D, a Dependent Child Under the Age of Eighteen Years. Forestdale, Inc., Petitioner-Respondent,
S.R.D., Also Known as S.D., et al., Respondents, D.D., Jr., Also Known as D.D.D., Jr., Respondent-Appellant.

Daniel X. Robinson, New York, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Marion C. Perry of counsel), for Forestdale Inc., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Andrew T. Ford for counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (David J. Kaplan, J.), entered on or about August 14, 2024, which, to the extent appealed from as limited by the briefs, terminated respondent father's parental rights to the subject child upon a finding of abandonment, and committed the custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
The finding of abandonment is supported by clear and convincing evidence because respondent and the agency caseworker's testimony established that respondent did not have any contact with the child or the agency during the relevant six-month period between February 15, 2022 and the filing of the petition on August 19, 2022 (see Social Services Law § 384-b [4][b]; [5][a]; Matter of Pandora S.D. [Isabelle D.], 231 AD3d 575, 575 [1st Dept 2024], lv denied 43 NY3d 901 [2025]). The agency was not required to demonstrate diligent efforts to encourage respondent to maintain contact with the child in order to establish a prima facie case of abandonment, and, in any event, the agency responded appropriately to respondent's inquiries (see Matter of Jackie Ann W. [Leticia Ann W.], 154 AD3d 459, 461 [1st Dept 2017]).
Although respondent communicated with the child during the virtual visit with the mother and sent gifts for the child on another occasion before the underlying termination petition was filed against him, his attempts to maintain contact with the child "were too sporadic and insubstantial to defeat the finding of abandonment" (Matter of Messiah C.T. [Eusebio C.T.], 180 AD3d 544, 545 [1st Dept 2020]; see Matter of "Male" G., 30 AD3d 337, 337-338 [1st Dept 2006], lv denied 7 NY3d 711 [2006]). Similarly, respondent's custody petitions for the child also do not defeat the finding of abandonment, as they were not filed or pending within the relevant six-month period (see Matter of Thailique Nashean S. [Sean L.], 105 AD3d 428, 428 [1st Dept 2013], lv denied 21 NY3d 858 [2013]).
The record shows that, during the relevant period, respondent was aware that the child was placed with the agency, and his failure to maintain contact with the child or the agency constituted a manifestation of intent to forego his parental rights to the child (see Matter of B.W. [N.W.], 214 AD3d 425, 426 [1st Dept 2023], lv denied 39 NY3d 915 [2023]). Respondent did not establish that he was unable to maintain contact with the child or the agency because he suffered from a severe hardship that so permeated his life that attempts at communication were not feasible, or that the agency prevented or discouraged him from doing so (see Social Services Law § 384-b[5][a]; Matter of Aryanna W. [Precious W.], 214 AD3d 549, 549 [1st Dept 2023], lv denied 40 NY3d 901 [2023]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025