■ In the Matter of FEMALE W., a Child Alleged to be Abandoned. CELINA W., Appellant; LITTLE FLOWER CHILDREN'S SERVICES, Respondent. [706 NYS2d 98] —Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about September 15, 1998, terminating respondent's parental rights to the subject child and committing her custody and guardianship to petitioner agency and the Commissioner of Social Services, following a fact-finding determination of abandonment, unanimously affirmed, without costs.

The finding of abandonment is supported by clear and convincing evidence, namely, the testimony of the child's caseworker, that respondent had no contact with the child or the agency for at least six months prior to the filing of the petition. There is no reason to disturb Family Court's findings discrediting respondent's testimony concerning telephone contact she had with the agency (*see, Matter of Jose Ramon V.*, 264 AD2d 661). In any event, even if such testimony were to be credited, the alleged contact with the agency, considered together with the two contacts respondent had with the child's foster parent, were too minimal and half-hearted to preclude a finding of abandonment (*see, Matter of Christopher Rene T.*, 189 AD2d 692, *lv denied* 81 NY2d 709). We find that termination of respondent's parental rights was in the child's best interests (Social Services Law § 384-b [3] [i]; *see, Matter of Atina C.*, 234 AD2d 997). Concur—Sullivan, P. J., Nardelli, Tom, Mazzarelli and Wallach, JJ.