In the Matter of JONATHAN R.M., a Child Alleged to be Permanently Neglected. JOSEPH M., Appellant; THE CHILDREN'S VILLAGE, Respondent, et al., Respondent. [809 NYS2d 43]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about February 24, 2004, which, to the extent appealed from, upon a finding of permanent neglect, terminated the parental rights of respondent father to the subject child and committed the guardianship and custody of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Petitioner agency satisfied its statutory burden to make diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [f]) by, inter alia, scheduling regular visitation between respondent father and child, referring and encouraging him to attend and complete a

drug treatment program and referring him to parenting skills training and domestic violence counseling *(see Matter of Jonathan M.*, 19 AD3d 197 [2005], *lv denied* 5 NY3d 798 [2005]; *Matter of Byron Christopher Malik J.*, 309 AD2d 669 [2003]). The record clearly and convincingly shows that, despite these efforts, respondent, during the statutorily relevant period, missed almost all of his scheduled visits, and failed to complete drug treatment, parenting skills or domestic violence programs, and, accordingly, permanently neglected the child by failing to plan for his future *(see Matter of La'Asia Lanae S.*, 23 AD3d 271 [2005]; *Matter of Maryline A.*, 22 AD3d 227 [2005]).

The evidence at the dispositional hearing clearly demonstrated that terminating respondent's parental rights so as to facilitate the child's adoption by his foster mother was in the child's best interests. The child has been living with his foster mother continuously since 1997 and the record shows that she has provided him with a stable and nurturing home *(see Matter of Jonathan M., supra)*. Respondent's purported attempts belatedly to comply with the agency's service plan were insufficient to warrant a suspended judgment *(see Matter of Maryline A., supra)*. Concur—Andrias, J.P., Friedman, Marlow, Catterson and Malone, JJ.