■ In the Matter of ERICKA STACEY B. and Another, Children Alleged to be Abandoned or Permanently Neglected. MARY B. et

al., Appellants; SAINT DOMINIC'S HOME, Respondent. [810 NYS2d 466]—

Orders of disposition, Family Court, Bronx County (Carol A. Stokinger, J.), entered on or about January 22, 2004, which terminated respondents' parental rights to the children Ericka B. and Ivy B., and committed the children's custody and guardianship to the petitioner agency and the Commissioner of Social Services for the purpose of adoption, upon fact-finding determinations of abandonment as to Ericka B. and permanent neglect as to Ivy B., unanimously affirmed, without costs.

The finding that Ericka was abandoned by both respondents is supported by clear and convincing evidence that neither had any visits or contact with her for the statutory six-month period; that respondent father had no contact with the agency; and that respondent mother's contact with the agency consisted of one telephone call to set up a visit at which she failed to appear without calling and without explanation (*see Matter of Female W.,* 271 AD2d 210 [2000]). The finding that both respondents permanently neglected Ivy, who was born with a positive toxicology for cocaine, is supported by clear and convincing evidence that neither visited her on a consistent basis; that respondent mother was noncompliant with her drug treatment program two months prior to the filing of a petition and only finished treatment six months after the filing of the petition; and that respondent father did not express an interest in planning for Ivy's return independently of respondent mother until three months prior to the filing of the petition, by which time Ivy was almost two years old (*see Matter of Monica Betzy D.,* 291 AD2d 289 [2002]). In any event, as Family Court alternatively found, respondent father is a notice, not a consent, father with respect to Ivy (Domestic Relations Law § 111 [1] [d]), rendering academic the issue of whether he permanently neglected her. The finding that it is in the children's best interests to terminate parental rights and free them for adoption is supported by a preponderance of the evidence showing, inter alia, that the children have been residing together in the same foster home since birth and are bonded to their foster mother, whom

they regard as their "real mother" (*see Matter of Jonathan M.*, 19 AD3d 197 [2005], *lv denied* 5 NY3d 798 [2005]; *Matter of "Baby Boy" S.*, 24 AD3d 161 [2005]), and that respondents are stressed by their caring for the four children already in their home, at least two of whom have special needs. Concur—Tom, J.P., Friedman, Nardelli, Williams and Sweeny, JJ.