■ In the Matter of Charles Michael J. and Others, Children Alleged to be Permanently Neglected. Zaida M., Appellant; The Children's Aid Society, Respondents. [870 NYS2d 310]—

Orders, Family Court, Bronx County (Clark V. Richardson, J.), entered on or about April 18, 2007, which, upon findings of permanent neglect, terminated respondent's parental rights, respectively, to Destiny Jess M., Eduardo M., Romeo Cesar J., and Smooth Love J., and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs. Order, same

court and Judge, entered on or about April 18, 2007, which, upon a finding of permanent neglect, terminated respondent's parental rights to Charles Michael J., and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously modified, on the facts, to vacate the termination of parental rights, the matter remanded for a further dispositional hearing, and otherwise affirmed, without costs.

The findings of permanent neglect were supported by clear and convincing evidence (Social Services Law § 384-b [7]). Despite the diligent efforts of the agency to encourage and strengthen the parental relationship, which included arranging for frequent visitation with the children, scheduling service plan reviews, medical and educational appointments and meetings, respondent failed to comply with the court's directives that she visit with the children consistently, attend individual therapy, undergo a psychiatric evaluation, and plan for the return of the children (*see Matter of Tashona Sharmaine A.*, 24 AD3d 135 [2005], *lv denied* 6 NY3d 715 [2006]).

The finding that termination of respondent's parental rights is in the best interests of Destiny Jess M., Eduardo M., Romeo Cesar J., and Smooth Love J. is supported by a preponderance of the evidence, which shows that they have been in foster care since 2001 and are either in or have the opportunity to be placed in kinship foster homes where they will be with siblings and maternal aunts (*see e.g. Matter of Ericka Stacey B.*, 27 AD3d 245, 246-247 [2006], *lv denied* 6 NY3d 715 [2006]). For the eldest child, Charles Michael J., who is not in a kinship foster or preadoptive home, termination would serve no useful purpose, since he is over the age of 14 and must consent to adoption, to which he has repeatedly expressed opposition. A further hearing is necessary to determine whether respondent's recent progress has continued and whether she is presently able to meet her eldest son's needs (*see Matter of Miguel Angel Andrew R.*, 263 AD2d 354 [1999]). Concur—Lippman, P.J., Mazzarelli, Sweeny, DeGrasse and Freedman, JJ.