■ In the Matter of ANA M.G. and Another, Children Alleged to be Permanently Neglected. ROSEALBA H., Appellant; CATHO-LIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [902 NYS2d 68]—

Orders, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about March 20, 2009, which, insofar as appealed from, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject children and committed the custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Respondent's argument that the petitions were jurisdictionally defective for failing to specify the diligent efforts the agency made to encourage and strengthen the parental relationship (Family Ct Act § 614 [1] [c]), was raised for the first time on appeal and is therefore unpreserved (*see Matter of Gina Rachel L.*, 44 AD3d 367 [2007]). Were we to review this argument, we would find that the petitions sufficiently specified the agency's efforts, which included, inter alia, developing an appropriate service plan, referring respondent to drug rehabilitation programs, and arranging for and encouraging respondent to visit with the children (*see Matter of Toshea C.J.*, 62 AD3d 587 [2009]).

The evidence at the fact-finding hearing was clear and convincing with respect to the agency's diligent efforts. The evidence shows that the agency made diligent efforts as to reunification by formulating a service plan tailored to address respondent's drug use problem, referring her to drug treatment programs, and arranging visits between respondent and the children (*see* Social Services Law § 384-b [7] [f]). Despite these efforts, respondent, due to her own uncooperativeness and indifference, missed a large majority of her scheduled visits and failed to complete a drug treatment program (*see Matter of Isabella Star G.*, 66 AD3d 536 [2009]; *Matter of Jonathan R.M.*, 26 AD3d 205 [2006]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Román, JJ.