■ In the Matter of ISAIAH JAYSEAN J., an Infant. CIERRA TASSANDRA J., Appellant; NEW ALTERNATIVES FOR CHILDREN, INC., Respondent. [8 NYS3d 325]—

Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about November 4, 2013, which, following a fact-finding determination that respondent mother had permanently neglected the subject child, terminated her parental rights to the child and committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that petitioner agency exercised diligent efforts to encourage and strengthen the parental relationship, and that, despite petitioner's efforts, respondent failed to plan for the child's future during the relevant time period (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368 [1984]). Although respondent completed programs in parental skills and anger management, she behaved disruptively and violently during scheduled visits, failed to complete mental

health services and obtain suitable housing, did not gain insight into the obstacles preventing return of her child, and failed to benefit from the programs she attended (*see Matter of Ebonee Annastasha F. [Crystal Arlene F.]*, 116 AD3d 576 [1st Dept 2014], *lv denied* 23 NY3d 906 [2014]; *Matter of Dina Loraine P. [Ana C.]*, 107 AD3d 634 [1st Dept 2013]).

A preponderance of the evidence supports the determination that the termination of respondent's parental rights was in the best interests of the child, who, at the time of disposition, had lived with his foster mother, his maternal great grand-mother, for over two years, where he was well cared for and his special needs were met (*see Matter of Jenna Nicole B. [Jennifer Nicole B.]*, 118 AD3d 628 [1st Dept 2014]; *Matter of Ashley R. [Latarsha R.]*, 103 AD3d 573 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ.