■ In the Matter of Autumn P., a Child Alleged to be Permanently Neglected. Alisa R., Appellant; Good Shepherd Services et al., Respondents. [11 NYS3d 149]—

Order, Family Court, New York County (Stewart H. Wein-

stein, J.), entered on or about April 30, 2014, which, after a fact-finding determination of permanent neglect, terminated respondent mother's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]) that the agency made diligent efforts to strengthen the parental relationship by scheduling visitation, providing referrals for services, repeatedly encouraging respondent to engage in therapy that would address the reason for the child's placement into foster care and encouraging her to engage in domestic violence counseling (see Matter of Alexander B. [Myra R.], 70 AD3d 524, 524-525 [1st Dept 2010], lv denied 14 NY3d 713 [2010]).

Despite the agency's diligent efforts, respondent permanently neglected the child by failing to complete her service plan after she refused to comply with the agency's referral for domestic violence counseling (see Matter of Tiara J. [Anthony Lamont A.], 118 AD3d 545, 546 [1st Dept 2014]). The fact that respondent consistently visited with the child did not preclude a finding of permanent neglect, since she failed to plan for her daughter's future by not gaining insight into the reasons for the child's placement during the relevant statutory period (see Matter of Jonathan Jose T., 44 AD3d 508, 509 [1st Dept 2007]).

In addition, the record supports the Family Court's determination that it is in the child's best interest to terminate respondent's parental rights to free her for adoption (see id.; see also Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Termination is warranted because the child has been living with the foster mother since September 2009, when she was approximately 10 months old, is thriving in her care and there is no evidence that respondent has a realistic plan to provide an adequate and stable home for the child.

The Family Court properly declined to enter a suspended judgment. After spending over five years in foster care, the child should not be denied permanence through adoption in order to provide respondent additional time to demonstrate that she can be a fit parent (see Matter of Isabella Star G., 66 AD3d 536, 537 [1st Dept 2009]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Saxe and Richter, JJ.