■ In the Matter of Isaac A.F., a Child Alleged to be Neglected. Crystal F., Also Known as Crystal A.F., Appellant; Graham-Windham Services to Children and Families, Respondent. [21 NYS3d 203]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about April 8, 2014, which, upon a fact-finding of permanent neglect, terminated respondent mother's parental rights and committed the custody and guardianship of the subject child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed with respect to the fact-finding, and the appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable portion of the order.

The finding of permanent neglect is supported by clear and convincing evidence that the agency made diligent efforts to strengthen the parental relationship by, among other things, scheduling visitation and providing the mother with referrals for services, and that, despite those efforts, the mother failed to plan for the child's future during the relevant time period (*see* Social Services Law § 384-b [7] [a]). Although the mother completed programs in parenting skills and anger management, she behaved disruptively and violently during scheduled visits, and she failed to complete a therapy program, obtain suitable housing, gain insight into the obstacles preventing the return of the child, or benefit from the programs she attended (*Matter of Isaiah Jaysean J. [Cierra Tassandra J.]*, 128 AD3d 438, 438-439 [1st Dept 2015], *lv denied* 25 NY3d 911 [2015]). Family Court properly relied on past findings of neglect and properly drew a negative inference from the mother's failure to

testify at the fact-finding hearing or to present evidence to rebut the agency's case (*see Matter of Alexis C. [Jacqueline A.]*, 99 AD3d 542, 542-543 [1st Dept 2012], *lv denied* 20 NY3d 856 [2013]; *see also Matter of Deime Zechariah Luke M. [Sharon Tiffany M.]*, 112 AD3d 535, 536 [1st Dept 2013], *lv denied* 22 NY3d 863 [2014]).

No appeal lies from the dispositional portion of Family Court's order, as the record shows that the mother defaulted at the dispositional hearing by failing to appear without explanation (*see Matter of Natalie Maria D. [Miguel D.]*, 73 AD3d 536, 537 [1st Dept 2010]). Were we to review the dispositional portion of the order, we would find that a preponderance of the evidence shows that the child's best interests would be served by terminating the mother's parental rights and freeing the child for adoption by his foster mother's adult son, who has become a certified foster parent and wants to adopt the child (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Isaiah Jaysean J.*, 128 AD3d at 439; *see also Matter of Michael B.*, 80 NY2d 299, 318 [1992]). Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ.