■ In the Matter of HOPE LINDA P. and Others, Infants. CARDINAL McCLOSKEY COMMUNITY SERVICES, Appellant; CASSANDRA P., Respondent. [34 NYS3d 13]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about July 9, 2015, which, after a fact-finding hearing, dismissed the agency's petitions to terminate the parental rights of respondent mother on the ground of permanent neglect, unanimously reversed, on the law, without costs, the petitions reinstated, findings of permanent neglect made thereupon, and the matters remanded for dispositional hearings.

The record establishes that the agency fulfilled its statutory obligation to exert diligent efforts in the face of a lack of cooperation from respondent mother (*see Matter of Byron Christopher Malik J.*, 309 AD2d 669, 669 [1st Dept 2003]) and supports the findings of permanent neglect with clear and convincing evidence (*see* Social Services Law § 384-b [7]).

Respondent mother did not express an interest in planning for the children's return independent of the children's maternal grandfather until five months prior to the filing of the petitions (*see Matter of Ericka Stacey B.*, 27 AD3d 245, 246 [1st Dept 2006], *lv denied* 6 NY3d 715 [2006]). When the mother did express a willingness to plan for the children's return, the agency diligently attempted to assist her in efforts to obtain suitable housing; however, she repeatedly failed to cooperate, including, among other things, refusing offers of services from the agency and refusing to consent to the disclosure of records from mental health providers (*see Matter of Kristian-Isaiah William M. [Jessenica Terri-Monica B.]*, 109 AD3d 759, 760 [1st Dept 2013], *lv denied* 22 NY3d 856 [2013]). The agency remained in regular contact with the mother and her therapist, and sought to have him assist the mother in applying for appropriate housing, since the mother had refused the agency's assistance (*see Matter of Natalie Maria D. [Miguel D.]*, 73 AD3d 536, 536-537 [1st Dept 2010]; *Matter of Makever Carl B.*, 298 AD2d 303, 303 [1st Dept 2002]). It also arranged regular visitation between the mother and the subject children, and kept the mother apprised of the children's health issues and special

needs, as well as their educational progress. Concur—Mazzarelli, J.P., Acosta, Saxe, Kapnick and Kahn, JJ.