■ In the Matter of SELVIN ADOLPH F., JR., an Infant. THELMA LYNN W., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [44 NYS3d 397]—

Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about December 22, 2014, which terminated respondent mother's parental rights to the subject child upon a finding of permanent neglect and transferred custody of the child to the Commissioner of the Administration for Children's Services and Edwin Gould Services for Children and Families for purposes of adoption, unanimously affirmed, without costs.

This Court previously determined that the agency met its burden of establishing permanent neglect (*Matter of Selvin Adolph F. [Thelma Lynn F.]*, 117 AD3d 495, 496 [1st Dept 2014]). On remand, the Family Court properly determined that termination of the mother's parental rights was in the child's best interests, and was thus the appropriate disposition (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147 [1984]).

The record establishes that the mother has refused to avail herself of mental health services despite being repeatedly ordered and encouraged to do so. This Court has already rejected the mother's argument that no such services are necessary (*see Selvin Adolph F.*, 117 AD3d at 497-498). Moreover, the subject child, now 17 years old, has not resided with the mother since he was nine months old, and has resided with his

foster mother for the majority of his life, bonded with her, and wants to be adopted by her (*see Matter of Amarnee T.T. [Tanya T.]*, 140 AD3d 452, 453 [1st Dept 2016]; *Matter of Jayden S. [Kim C.]*, 124 AD3d 488, 489 [1st Dept 2015]; *Matter of Jeffrey R.*, 63 AD3d 546, 546-547 [1st Dept 2009], *lv denied* 13 NY3d 706 [2009]).

A suspended judgment is not appropriate because there is no evidence that further delay will result in a different outcome, as the mother has given no indication that she will attend mental health counseling in the future (*Matter of Alexandria D. [Brenda D.]*, 136 AD3d 604, 604 [1st Dept 2016]). The child deserves permanency after this extended period of uncertainty (*see id.*; *Matter of Autumn P. [Alisa R.]*, 129 AD3d 519, 520 [1st Dept 2015]). If the child wants to continue visitation with his biological mother, there is nothing preventing him from doing so. Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.