■ In the Matter of MATTHEW LOUIS S., a Child Alleged to be Permanently Neglected. RAYMOND R., Appellant; THE CHILDREN'S VILLAGE, Respondent, et al., Respondents. [51 NYS3d 410]—

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Linda Talley, J.), entered on or about January 8, 2016, which, to the extent appealed from, after a hearing, terminated respondent father's parental rights to the subject child on the ground of permanent neglect, and committed custody and guardianship of the child jointly to The Children's Village and the Commissioner of Social Services of the City of New York, for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence which demonstrates that the agency made diligent efforts to encourage and strengthen the parental relationship by, among other things, referring respondent father for parenting skills and anger management programs, random drug screens, mental health evaluation and services, as well as scheduling visitation with the child and making referrals for a visitation coach (*see Matter of Ashley R. [Latarsha R.]*, 103 AD3d 573, 574 [1st Dept 2013], *lv denied* 21 NY3d 857 [2013]; *see also Matter of Marissa Tiffany C-W. [Faith W.]*, 125 AD3d 512 [1st Dept 2015]; *Matter of Alani G. [Angelica G.]*, 116 AD3d 629 [1st Dept 2014], *lv denied* 24 NY3d 903 [2014]).

Notwithstanding the agency's diligent efforts, the father failed to comply with required services and permanently neglected the child (*see Matter of Charles Michael J.*, 58 AD3d 401 [1st Dept 2009]).

Having previously participated in parenting skills and anger management programs, as well as engaging with visitation coaches, the father's behavior during visits only worsened, and his visitation never progressed beyond supervised visits at the agency (*see Matter of Emanuel N.F.*, 22 AD3d 288, 289 [1st Dept 2005]; *Matter of Jonathan Jose T.*, 44 AD3d 508, 509 [1st Dept 2007]).

The record supports the determination that termination of the father's parental rights is in the best interests of the child, and a suspended judgment is unwarranted. There was no evidence that he had any feasible plan to care for the child (*see Matter of Olushola W.A.*, 41 AD3d 179 [1st Dept 2007]; *Matter of Mia Tracy-Nellie G.*, 299 AD2d 186 [1st Dept 2002]).

A suspended judgment would serve only to prolong the child's lack of permanence, and would not have been in the child's best interests (*see Matter of Julianna Victoria S. [Benny William W.]*, 89 AD3d 490, 491 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]). The child's interests would best be served by freeing him for adoption by his long-term, pre-adoptive, non-kinship foster mother, who has met all of his needs and wishes to adopt him, and with whom he is well-bonded. The foster mother has cared for him since August 2010, when he was approximately four months old, and has provided him with a stable and loving home, the only home he has ever known (*see Matter of Cameron W. [Lakeisha E.W.]*, 139 AD3d 494, 494-495 [1st Dept 2016]; *Matter of Autumn P. [Alisa R.]*, 129 AD3d 519 [1st Dept 2015]).

The father's argument that he was deprived of due process as a result of the court's temporary suspension of his visitation pending the resolution of the on-going termination of parental rights proceeding is unpreserved (*see Matter of Ana M.G. [Rosealba H.]*, 74 AD3d 419 [1st Dept 2010]) and unavailing (*see Matter of Carlos G. [Bernadette M.]*, 84 AD3d 629 [1st Dept 2011]).

We have considered the father's remaining arguments and find them unavailing. Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.