■ In the Matter of ANDREA L.P. and Others, Children Alleged to be Permanently Neglected. CASSANDRA M.P., Appellant; CARDINAL MCCLOSKEY COMMUNITY SERVICES, Respondent. [64 NYS3d 527]—

Orders, Family Court, New York County (Stewart Weinstein, J.), entered on or about October 13, 2016, which, upon a find-

ing of permanent neglect, terminated respondent mother's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

This Court previously determined that the agency met its burden of establishing permanent neglect (140 AD3d 477 [1st Dept 2016]). On remittitur, the Family Court properly determined that a preponderance of the evidence established that termination of the mother's parental rights was in the children's best interests (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]).

A suspended judgment was not warranted under the circumstances, because there was no evidence that respondent had a realistic and feasible plan to provide an adequate and stable home for the children, all of whom have special needs (see Matter of Charles Jahmel M. [Charles E.M.], 124 AD3d 496 [1st Dept 2015], lv denied 25 NY3d 905 [2015]; Matter of Jesus Michael P. [Sonia R.], 122 AD3d 520 [1st Dept 2014]). There is also no evidence that further delay will result in a different outcome, and the children, having been in foster care since 2012, deserve permanency after this extended period of uncertainty (see Matter of Selvin Adolph F. [Thelma Lynn W.], 146 AD3d 418 [1st Dept 2017]; Matter of Autumn P. [Alisa R.], 129 AD3d 519 [1st Dept 2015]). Furthermore, it is noted that the evidence at the hearing showed that respondent will be able to continue to see the children after the adoption (Selvin Adolph F. at 419). Concur—Gische, J.P., Kapnick, Oing and Moulton, JJ.