Matter of Deryck V.J. (Deryck T.J.) (2018 NY Slip Op 01396)





Matter of Deryck V.J. (Deryck T.J.)


2018 NY Slip Op 01396


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Acosta, P.J., Friedman, Richter, Kapnick, JJ.


5858

[*1]In re Deryck V.J., Jr., A Child under Eighteen Years of Age, etc., Deryck T.J., Sr., Respondent-Appellant, Leake & Watts Services, Inc., Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Rosin Steinhagen Mendel, New York (Douglas H. Reiniger of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Appeal from order, Family Court, New York County (Clark V. Richardson, J.), entered on or about March 27, 2017, which, to the extent appealed from as limited by the briefs, found that respondent father permanently neglected the subject child, unanimously dismissed, without costs.
The father's appellate arguments are not properly before this Court. Although the appeal is from the March 27, 2017 dispositional order, both appellate arguments are addressed to determinations made at the fact-finding stage. The father, however, never appeared at the fact-finding hearing and his motion to vacate the fact-finding determination entered on his default was denied by the court. No appeal lies from an order entered on default (see CPLR 5511; Matter of Essence T.W. [Destinee R.W.], 139 AD3d 403 [1st Dept 2016]; Matter of Darryl P., 228 AD2d 176 [1st Dept 1996]), and the father failed to appeal from the order denying his motion to vacate the default.
Were we to consider the father's claims, we would find that he presents no grounds to reverse. The issue of deprivation of counsel, raised for the first time on appeal, is not preserved (see Matter of Derrick T., 261 AD2d 108 [1st Dept 1999]), and even if it were, he has not shown that he was deprived of such right by commencement of the hearing before his counsel arrived. The record shows that it was the father's own failure to appear and maintain contact with counsel that precluded counsel's participation at the hearing.
The record further shows that petitioner agency exercised diligent efforts to encourage and strengthen the parental relationship between the father and the child. However, the father lacked interest in and failed to cooperate with the services to which petitioner referred him when he was not incarcerated, and he refused to sign relevant consents to enable the agency to monitor his receipt of services while he was incarcerated. Furthermore, petitioner arranged for the child to visit the father while he was incarcerated at Rikers Island, and also adequately demonstrated that arranging for visitation once the father was transferred from Rikers Island to a correctional facility 10 hours away was not in the child's best interests. The child suffers from chronic asthma for which he has been hospitalized, and petitioner's caseworkers testified that they [*2]received advice from a physician that such travel was not medically advisable (see Social Services Law § 384-b[7][f][3], [5]); Matter of Hope Linda P. [Cassandra P.], 140 AD3d 477 [1st Dept 2016]; Matter of Jayson M., 177 AD2d 396 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK