Matter of Michaellica W. (Michael W.) (2018 NY Slip Op 07544)





Matter of Michaellica W. (Michael W.)


2018 NY Slip Op 07544


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7566

[*1]In re Michaellica W., A Dependent Child Under the Age of Eighteen Years, etc., Michael W., Respondent-Appellant. New York Foundling Hospital, Petitioner-Respondent.


The Bronx Defenders, Bronx (Lauren Teichner of counsel), for appellant.
Andrew J. Baer, New York, attorney for the child.



Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about February 24, 2017, which, upon a finding of permanent neglect, terminated respondent's parental rights to the subject child and transferred custody of the child to petitioner agency for purposes of adoption, unanimously affirmed, without costs.
The agency established by a preponderance of the evidence that it was in the child's best interests to terminate respondent's parental rights (see Family Court Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Latesha Nicole M., 219 AD2d 521 [1st Dept 1995]). The child has resided with the foster mother for virtually her entire life, bonded with her, is thriving in her care, and wants to be adopted by her (see Matter of Selvin Adolph F. [Thelma Lynn W.], 146 AD3d 418, 418-419 [1st Dept 2017]; Matter of Deime Zechariah Luke M. [Sharon Tiffany M.], 112 AD3d 535, 537 [1st Dept 2013], lv denied 22 NY3d 863 [2014]; Matter of Arnel Ashley B. [Cynthia T.], 89 AD3d 504, 505 [1st Dept 2011], lv denied 2012 NY Slip Op 69116 [2012]). While the child is also bonded with respondent, she has not resided with him since she was less than two months old, and has never even had overnight visitation with him. Moreover, respondent has a history of inconsistent visitation, and continues to lack adequate housing.
Respondent relies heavily on the court-appointed expert's opinions about the psychological harm of severing the parent-child relationship. However, the expert was steadfast in his recommendation that the child remain in the foster mother's care.
A suspended judgment is not appropriate, because there is no evidence that further delay will result in a finding that it is not in the child's best interests to terminate respondent's parental rights (see Matter of Andrea L.P. [Cassandra M.P.], 156 AD3d 413, 414 [1st Dept 2017]; Selvin Adolph F., 146 AD3d at 419). Throughout the 12 years that the child was in foster care, respondent failed to maintain a reliable presence in her life, to secure suitable housing, or otherwise to plan realistically for a future with her. The child "deserve[s] permanency after this extended period of uncertainty" (see Andrea L.P., 156 AD3d at
414; Matter of Autumn P. [Alisa R.], 129 AD3d 519, 520 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK