Matter of Destiny M. (Phillip F.) (2018 NY Slip Op 08073)





Matter of Destiny M. (Phillip F.)


2018 NY Slip Op 08073


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7700A 7700

[*1] In re Destiny M., A Dependent Child under the Age of Eighteen Years, etc.,
and
Phillip F., et al., Respondents-Appellants, Cardinal McCloskey Community Services, et al., Petitioners-Respondents.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for Phillip F., appellant.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn (Helene Bernstein of counsel), for Kristina M., appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about January 9, 2015, which determined that respondent father's consent for the adoption of the subject child was not required, and order of fact-finding and disposition, same court (Emily Olshansky, J.), entered on or about June 16, 2017, which, after a hearing, determined that respondent mother permanently neglected the subject child, terminated her parental rights and transferred custody and guardianship of the child to petitioner agency for the purpose of adoption, unanimously affirmed, without costs.
The father's failure to show that he paid fair and reasonable support for the child according to his means is fatal to his claim that his consent is required for the child's adoption (see Domestic Relations Law § 111[1][d]; Matter of Sjuqwan Anthony Zion Perry M. [Charnise Antonia M.], 111 AD3d 473 [1st Dept 2013], lv denied 22 NY3d 864 [2014]).
The finding of permanent neglect against the mother is supported by clear and convincing evidence (see Social Services Law § 384-b[7][a]; [3][g][i]) establishing that the agency made diligent efforts to encourage and strengthen the parental relationship, including formulating a service plan, making referrals for services, and facilitating visitation, and that, despite these efforts, the mother failed to plan for the child's future (see Social Services Law § 384-b[7][f]; see e.g. Matter of Isaac A.F. [Crystal F.], 133 AD3d 515 [1st Dept 2015], lv denied 27 NY3d 901 [2016]). Indeed, in around 2013, the mother advised the agency that she no longer wished to plan for the child's return to her care (see Matter of Byron Christopher Malik J., 309 AD2d 669 [1st Dept 2003]), and that she wished the child to be cared for by the father, whom the child had never met and who was unknown to the agency.
The determination that the child's best interests require termination of the mother's parental rights is supported by the record (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The foster home is the only home the child has known. She is loved and well-cared for and wishes to remain there. Under the circumstances, the child deserves permanency (see Matter of Charles Jahmel M. [Charles E. M.], 124 AD3d 496, 497 [1st Dept 2015], lv denied 25 NY3d 905 [2015]). To the extent the mother seeks a suspended judgment so that the agency can plan [*2]for the child's discharge to the father, the record fails to suggest that the father, who has never participated in the child's care, plans to do so. A suspended judgment would serve only to prolong the child's lack of permanency (see Matter of Matthew Louis S. [Raymond R.], 150 AD3d 430, 431 [1st Dept 2017], lv denied 29 NY3d 913 [2017]).
We have considered the mother's remaining arguments and find
them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK