Matter of Tiara Dora S. (Debbie S.) (2019 NY Slip Op 01661)





Matter of Tiara Dora S. (Debbie S.)


2019 NY Slip Op 01661


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


8636 8635

[*1]In re Tiara Dora S., etc., and Another, Children Under the Age of Eighteen Years, etc., Debbie S., et al., Respondents-Appellants, St. Dominic's Family Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for Debbie S., appellant.
Law Offices of Helene Bernstein, Brooklyn (Helene Bernstein of counsel), for Victor Manuel Del C., appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.



Orders, Family Court, Bronx County (Robert Hettleman, J.), entered on or about November 3, 2017, bringing up for review an order, same court and Judge, entered on or about May 3, 2017, which denied respondent mother's motion to vacate a finding made on default that she abandoned the subject children, and which, upon a finding that respondent father's consent to the children's adoption was not required and that he permanently neglected the children, terminated the father's and the mother's parental rights and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the court's finding that, during the period from July 2011 until July 2012, the father failed to maintain the requisite substantial and continuous contact with the children and to provide financial support for them and that therefore his consent to adoption was not required (see Domestic Relations Law § 111[1][d]). While the father was incarcerated during this period of time, he had no communication with his children or the agency, and failed to make any formal inquiries into his children's welfare or whereabouts (see Matter of Joyelli Latasha M. [Charles M.], 159 AD3d 426 [1st Dept 2018], lv denied 32 NY3d 912 [2019]). This evidence also supports the court's finding that the father permanently neglected the children (see Social Services Law § 384-b[7][a][1]). The agency was not required to exercise diligent efforts to encourage and strengthen the father's relationship with the children, because the father failed for a period of six months to keep the agency apprised of his location (see id. § 384-b[7][e][i]; Matter of Jackie Ann W. [Leticia Ann W.], 154 AD3d 459, 461 [1st Dept 2017]).
The mother failed to provide a meritorious defense to the petition alleging abandonment in support of her motion to vacate her default (see Matter of Noah Martin Benjamin L. [Frajon B.], 139 AD3d 593 [1st Dept 2016]). She left the children with their foster mother in February 2016 and had no further meaningful contact with them or with the agency until February 2017, six months after the petitions were filed (see Social Services Law § 384-b[4][b]).
The mother failed to demonstrate that she was prevented or discouraged from contacting the children by the agency. Her claim that the agency threatened her with kidnaping charges after [*2]she failed to disclose the children's whereabouts while they were out on a trial discharge with her does not establish that she was discouraged from contacting the agency (see generally Matter of Bibianamiet L.-M. [Miledy L.N.], 71 AD3d 402 [1st Dept 2010]). The record shows that the mother relapsed into drug use and, when directed by the children's foster mother to reach out to the agency to arrange formal communication arrangements with the children, failed to do so.
A preponderance of the evidence establishes that terminating the mother's and the father's parental rights and freeing the children for adoption are in the children's best interests (see Family Court Act § 631). Their foster mother has provided a safe and stable home for the children, who have spent the majority of their lives with her (see Matter of Michaellica W. [Michael W.], 166 AD3d 425 [1st Dept 2018]). The children "deserve permanency after this extended period of uncertainty" (see Matter of Andrea L.P. [Cassandra M.P.], 156 AD3d 413, 414 [1st Dept 2017]). A suspended judgment in favor of the father is not warranted, because there is no evidence that further delay will result in a finding that terminating the father's parental rights is not in the children's best interests (see Michaellica W., 166 AD3d at 426).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK