Matter of Skylynn M.P. (Michelle F.) (2019 NY Slip Op 03731)





Matter of Skylynn M.P. (Michelle F.)


2019 NY Slip Op 03731


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9300 9299

[*1]In re Skylynn M.P., A Dependent Child Under the Age of Eighteen Years, etc., Michelle F., et al., Respondents-Appellants, New Alternatives for Children, Inc., Petitioner-Respondent.


Bruce A. Young, New York, for Michelle F., appellant.
Andrew J. Baer, New York, for Edwin P., appellant.
Law Office of James M. Abramson, PLLC, New York (James M. Abramson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Ta-Tanisha D. James, J., at fact-finding; Patria Frias-Colon, J., at disposition), entered on or about March 8, 2018, which, upon a finding of permanent neglect, terminated respondent mother's and respondent father's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.
The agency established by a preponderance of the evidence that it was in the child's best interest to terminate respondents' parental rights (see Family Court Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Latesha Nicole M., 219 AD2d 521 [1st Dept 1995]). The child has resided with the foster family for virtually her entire life, has bonded with them and the other children in the foster home, and is thriving in their care, and the foster parents wish to adopt her (see Matter of Selvin Adolph F. [Thelma Lynn W.], 146 AD3d 418, 418-419 [1st Dept 2017]).
A suspended judgment was not appropriate because there was no evidence that further delay would result in a different outcome for the child (see Matter of Andrea L.P. [Cassandra M.P.], 156 AD3d 413, 414 [1st Dept 2017]). The mother and father have not demonstrated any meaningful progress toward reunification, nor have they addressed the conditions which led to the child's removal from their care, and the child deserves permanency after an extended period of uncertainty (see Matter of Autumn P. [Alisa R.], 129 AD3d 519, 520 [1st Dept 2015]).
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK