Matter of Vincent N.B. (Gregory B.) (2019 NY Slip Op 04690)





Matter of Vincent N.B. (Gregory B.)


2019 NY Slip Op 04690


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-04889
 (Docket No. B-3899-16)

[*1]In the Matter of Vincent N.B. (Anonymous). Coalition for Hispanic Family Services, respondent; 
and
Gregory B. (Anonymous), appellant.


Mark Brandys, New York, NY, for appellant.
James M. Abramson, PLLC, New York, NY (Stefan J. Williams of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Alicea Elloras, J.), dated March 9, 2018. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father had permanently neglected the subject child, terminated the father's parental rights, and transferred guardianship and custody of the child to the petitioner, Coalition for Hispanic Family Services, and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
Contrary to the father's contention, he was not denied the effective assistance of counsel at the fact-finding hearing. An attorney representing a client is entitled to make strategic and tactical decisions concerning the conduct of trials (see Matter of Deanna E.R. [Latisha M.], 169 AD3d 691). The record does not show that counsel lacked a legitimate, strategic reason for the decisions made as to the conduct of the trial, such as which witnesses to call and what objections to testimony to assert (see id. at 692; People v Rivera, 71 NY2d 705, 709). Viewed in totality, the record reveals that the father received meaningful representation at the fact-finding hearing (see Matter of Berg v Berg, 166 AD3d 763; Matter of Fletcher v Saul, 162 AD3d 1018).
The father's contention that the Family Court should have granted him a suspended judgment, rather than terminate his parental rights, is without merit. A suspended judgment would not have been appropriate since the father lacked insight into his problems and failed to address the issues that led to the subject child's removal and the finding of permanent neglect (see Matter of Adam M.D. [Victoria M.C.], 170 AD3d 1006; Matter of Amaarie L.M. [Kelly R.], 166 AD3d 977). A suspended judgment would not be in the best interests of the child, as it would serve only to [*2]prolong the delay of stability and permanence in the child's living situation. The child's foster parents have cared for the child since he was five days old, and have provided him with a stable and loving home, which is the only home he has ever known (see Matter of Matthew Louis S. [Raymond R.], 150 AD3d 430; Matter of Joshua E.R [Yolaine R.]., 123 AD3d 723).
The father's remaining contention is without merit.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court