Matter of Alexander R.H. (Renzo N.H.--Ana M.) (2022 NY Slip Op 00123)





Matter of Alexander R.H. (Renzo N.H.--Ana M.)


2022 NY Slip Op 00123


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Docket No. B-07372/18, V-19756/18 Appeal No. 15004-15004A Case No. 2020-01332 

[*1]In the Matter of Alexander R.H., Renzo N.H. Respondent-Appellant, Sheltering Arms Children & Family Services, Petitioner-Respondent, Ana M., Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Sheltering Arms Children & Family Services, New York (Dawn M. Shammas of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Patria Frias-Colon, J.), entered on or about January 3, 2020, which, to the extent appealed from as limited by the briefs, after a hearing, terminated the parental rights of respondent father to the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, same court and Justice, also entered on or about January 3, 2020, which found that respondent father had permanently neglected the subject child, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The findings of permanent neglect against the father are supported by clear and convincing evidence that the agency made diligent efforts to strengthen and encourage the parental relationship and that nonetheless respondent failed to plan for the child's future (Social Services Law § 384-b [7][f]; Matter of Starr Leslie W. 63 NY2d 136 [1984]; Matter of Sheila G., 61 NY2d 368 [1984]). The father's claim that the agency impeded reunification is belied by the record. The agency opposed visitation because of the father's ongoing refusal to explain or take responsibility for the subject child's siblings' injuries. The attorney for the child, moreover, joined in the agency's position, on grounds of its concern that the father needed more parenting skills services and its ongoing concerns about the allegations.
The father failed to plan for his son's future by failing to gain insight into the reasons behind the foster care placement of the subject child and his siblings. He claims to be a changed man, yet his brief itself disproves his position; even while purporting to assure this Court that he has come to terms with his role in his children's remand to foster care, he largely disclaims it. He reiterates that certain injuries were, or must have been, caused by the mother outside of his presence. In so doing, he demonstrates his inability or unwillingness to acknowledge that, as her husband, living in the same household with her children, he assumed an obligation to care for them and act in their best interests, rather than turn a blind eye, leave the premises, or otherwise prevent the mother from abusing them with such severity that their arm bones, leg bones and vertebrae were broken. He cites to the couple's "agreement" not to intervene with each other's discipline strategies as to his or her own biological children, yet this is precisely what Family Court found inexcusable, and cause for grave concern about his parenting and judgment (Matter of Malachi P. [Georgette P.], 142 AD3d 883 [1st Dept 2016]).
The Family Court properly declined to enter a suspended judgement. The father fails to identify any steps he would need additional time to complete to ensure reunification. Additionally, the child has spent most of his life in foster care, where he is thriving, and the foster parent is eager to adopt him.
We have considered respondent's remaining claims and find them unavailing[*2].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022