Matter of Alexander S.B. (Melissa B.) (2022 NY Slip Op 02941)

Matter of Alexander S.B. (Melissa B.)

2022 NY Slip Op 02941

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Renwick, J.P., Kapnick, Friedman, Rodriguez, Pitt, JJ. 

Docket No. B25550/17 Appeal No. 15844 Case No. 2020-03936 

[*1]In the Matter of Alexander S.B., a Dependent Child Under Eighteen Years of Age, etc., Melissa B., Respondent-Appellant, SCO Family Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn (Jeffrey Blinkoff of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about August 17, 2020, which, upon a finding of permanent neglect rendered after inquest, terminated respondent mother's parental rights to the subject child and committed guardianship and custody of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's determination that it was in the child's best interests to terminate the mother's parental rights and free him for adoption. The child, who was less than two years old, and his older sibling were removed from the mother's care in 2012 based on the mother's use of excessive corporal punishment and following a prior finding that she had neglected the older child by reason of mental health disorders (see Matter of Naitalya B. [Melissa B.], 150 AD3d 441 [1st Dept 2017]). The child has been living for many years in a pre-adoptive foster home with his older sibling, where his needs are met (see Matter of Isiah Steven A. [Anne Elizabeth Pierre L.]), 100 AD3d 559, 560 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; see also Matter of Isaiah Jaysean J. [Cierra Tassandra J.], 128 AD3d 438, 439 [1st Dept 2015]).
Although the mother had continued to have supervised visits with the child, a suspended judgment would not have been in the child's best interests since it would not likely have resulted in resolution of the mother's longstanding mental health issues, which she had failed to address by engaging in mental health services (see Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579, 579-580 [1st Dept 2018]). Under these circumstances, a grace period would not be sufficient to allow the mother to prepare for reunification as she has not benefitted from any services such that she would be able to safely care for the child (see Matter of Michael B., 80 NY2d 299, 311 [1992]). After spending almost all his life in foster care, the child should not be denied permanence (see Matter of Autumn P. [Alisa R.], 129 AD3d 519, 520 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022