Matter of Unique B. (Janet J.) (2023 NY Slip Op 02963)

Matter of Unique B. (Janet J.)

2023 NY Slip Op 02963

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Renwick, A.P.J., Kern, Singh, Scarpulla, Higgitt, JJ. 

Docket No. B-11206/17, B-11207/17 Appeal No. 382-383 Case No. 2022-02306, 2023-00312 

[*1]In the Matter of Unique B. and Another., Dependent Children Under Eighteen Years of Age, etc., Janet J., Respondent-Appellant, Good Shepherd Services, Petitioner-Respondent.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.

Orders of fact-finding and disposition, Family Court, New York County (Valerie Pels, J.), entered on or about May 6, 2022, which, to the extent appealed from, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject children and committed their care and custody to petitioner agency and the Commissioner for the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect was supported by clear and convincing evidence of the mother's failure to plan for the future of the subject children, despite the agency's diligent efforts to strengthen the parental relationship (see Social Services Law § 384-b[7]). The record shows that the agency developed a plan for appropriate services, including referring the mother to programs for parenting, mental health, and alcohol treatment, and scheduled regular visits with the children. Although the mother was enrolled in services and visited the children periodically, there was no evidence that the issues, which caused the children to enter foster care, had been ameliorated by the time the termination petition was filed or that the mother gained insight into the reasons behind the foster care placement of the children (see Matter of Alexander R.H. [Renzo N.H.], 201 AD3d 465, 466 [1st Dept 2022], lv denied 38 NY3d 903 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023