Matter of T.R. v D.R. (2026 NY Slip Op 00067)

Matter of T.R. v D.R.

2026 NY Slip Op 00067

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Docket No. B-10197/20|Appeal No. 5536|Case No. 2024-07078|

[*1]In the Matter T.R., Also Known as T.C.R., A Child Under the Age of Eighteen Years, etc., Mercy First /Administration for Children's Services of the City of New York, Petitioner-Respondent,
vD.R., Respondent-Appellant, T.B., Respondent-Respondent.

Daniel X. Robinson, New York, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn (Jeffrey Blinkoff of counsel), for Mercy First, respondent.
Leslie S. Lowenstein, Woodmere, for Trisha B., respondent.
Jessica M. Brown, Hartsdale, attorney for the child.

Order, Family Court, Bronx County (Alicea Elloras-Ally, J.), entered on or about October 25, 2024, which, to the extent appealed from, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and transferred the child's care and custody to petitioner agency and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the determination that the agency made diligent efforts to encourage and strengthen the parental relationship between the father and the subject child by, among other things, developing a plan for appropriate services for the father, referring him for mental health treatment and parenting classes, regularly meeting with the father to discuss his progress with his service plan, calling Batterers Intervention and SNAP to schedule intake appointments for the father, conducting a home assessment at the paternal grandmother's home, providing the father updates about the child, and scheduling regular visitation, including taking the child to Rikers Island for visitation during the father's incarcerations (see Social Services Law § 384-b [7] [a], [c], [f]; Matter of Nelson M.L. [Nilsa L.], 195 AD3d 504, 505 [1st Dept 2021]; Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017]).
The finding that the father permanently neglected the child is also supported by clear and convincing evidence (see Social Service Law § 384-b [7] [a]). Despite the agency's diligent efforts, the father failed to plan for the child's future during the relevant statutory time period because he failed to meaningfully address the problems leading to the child's placement (see Social Services Law § 384-b [7] [a], [f]; Matter of Alexander R.H. [Renzo N.H.], 201 AD3d 465, 466 [1st Dept 2022], lv denied 38 NY3d 903 [2022]). To the extent that the father received mental health services, anger management, parenting skills, and participated in a batterer's accountability program, there is no evidence that he gained insight or otherwise benefitted from them (see Matter of Julianna Victoria S. [Benny William W.], 89 AD3d 490, 491 [1st Dept 2011], lv denied 18 NY3d 805 [2012]). That the father visited the child and sent him letters and
gifts does not preclude a finding of permanent neglect (see Matter of Autumn P. [Alisa R.], 129 AD3d 519, 520 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026