■ In the Matter of LAWANNA M., a Child Alleged to be Permanently Neglected. WILLIAM W., Appellant; THE NEW YORK FOUNDLING HOSPITAL, Respondent. [29 NYS3d 29]—

Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about September 10, 2014, which, upon a fact-finding determination that respondent permanently

neglected his daughter, terminated his parental rights to the child and committed her care and custody to the New York City Children's Services and The New York Foundling Hospital for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect was supported by clear and convincing evidence that the agency expended diligent efforts between May 2012 and February 14, 2014 to strengthen the parental relationship by referring respondent to anger management and parenting skills programs and by sending him over 25 letters and/or emails asking him to engage in such services, while providing him with the assigned caseworker's contact information (see Matter of Ebonee Annastasha F. [Crystal Arlene F.], 116 AD3d 576, 576-577 [1st Dept 2014], lv denied 23 NY3d 906 [2014]; Social Services Law § 384-b [7] [a]).

The record also demonstrates that after the Family Court directed respondent to take additional anger management and parenting skills classes because it had witnessed him acting out in court, he refused to engage in those services during the relevant statutory period, even though the child was refusing to visit him because of his angry demeanor. The fact that respondent denied needing services rendered the agency's diligent efforts unavailing (see Matter of Tiara J. [Anthony Lamont A.], 118 AD3d 545, 546 [1st Dept 2014]; Matter of Kimberly C., 37 AD3d 192 [1st Dept 2007], lv denied 8 NY3d 813 [2007]).

In addition, clear and convincing evidence in the record demonstrates that respondent permanently neglected the child by failing to plan for her future, because during the relevant statutory period, he failed to take any steps toward correcting the conditions that prevented her from being placed in his care or to advance a realistic, feasible plan for her future care (see Matter of Jaileen X.M. [Annette M.], 111 AD3d 502, 503 [1st Dept 2013], lv denied 22 NY3d 859 [2014]; Matter of Alpacheta C., 41 AD3d 285, 285 [1st Dept 2007], lv denied 9 NY3d 812 [2007]). Although respondent claims that the agency should have forced the child to engage in family therapy with him, he never addressed the fact that the child's therapist believed that such therapy would be harmful to her (see Matter of Juanita H., 245 AD2d 89, 90 [1st Dept 1997], lv denied 91 NY2d 811 [1998]).

The Family Court properly declined to enter a suspended judgment because the child has lived in the foster home for most of her life, with her brother, who has already been adopted by the foster mother (see Matter of Maryline A., 22 AD3d 227,

228 [1st Dept 2005]). The now 16-year-old child has also indicated that she felt unsafe around respondent and wants to be adopted by the foster mother, who wants to adopt her (*see Matter of Nathaniel T.*, 67 NY2d 838, 841-842 [1986]). Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.