Matter of Lamani C.H. (Lucia T.G.) (2020 NY Slip Op 00349)





Matter of Lamani C.H. (Lucia T.G.)


2020 NY Slip Op 00349


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10787A 10787B 10787 10787E

[*1] In re Lamani C.H., and Others, Children Under the Age of Eighteen Years, etc., Lucia T.G., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Joseph T. Gatti, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children.



Orders of disposition, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about November 28, 2018, to the extent they bring up for review a fact-finding order, same court and Judge, entered on or about April 20, 2018, which found that respondent mother neglected/abandoned the subject children, unanimously affirmed, without costs. Appeals from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeals from the orders of disposition.
Respondent mother's argument that the petitions were defective for failing to specify the diligent efforts the agency made to encourage and strengthen the parental relationship (Family Ct Act § 614 [1][c]) is raised for the first time on appeal and is therefore unpreserved (see Matter of Ana M.G. [Rosealba H.], 74 AD3d 419 [1st Dept 2010]; Matter of Christopher S. [Elizabeth S.], 155 AD3d 630, 631 [2d Dept 2017]), and we decline review in the interest of justice. As an alternative holding, we find that the petitions sufficiently specified the agency's efforts, which included, inter alia, developing an appropriate service plan, making arrangements for respondent to visit the subject children, and providing counseling, assistance and referrals to appropriate programs to resolve or ameliorate the problems preventing the discharge of the children from foster care, and informed respondent of each child's progress, development and health (see Matter of Ana M.G. at 419; Matter of Toshea C.J., 62 AD3d 587, 587 [1st Dept 2009]). Any alleged deficiency was cured by the introduction into evidence at the fact-finding hearing of the case progress notes and the testimony of the caseworker, which demonstrated the diligent efforts made by the agency (Matter of Kayla Emily W. [Atara W.], 67 AD3d 477, 478 [1st Dept 2009]).
Moreover, the evidence at the fact-finding hearing was clear and convincing with respect to the agency's diligent efforts. The evidence showed that the agency made diligent efforts as to reunification by formulating a service plan tailored to address respondent's anger management issues and parenting challenges, to assist in domestic violence prevention, and by arranging visits between respondent and the children (see Social Services Law § 384-b[7][f]). Despite these efforts, respondent failed to communicate with the agency for a year, and missed all visitation set up by the agency (see e.g. Matter of Shaquel A.M. [Jamel C.M.], 176 AD3d 575 [1st Dept 2019]; [*2]Matter of Richie N.V. [Stephanie M.], 174 AD3d 427 [1st Dept 2019], lv denied 34 NY3d 901 [2019]).
A finding of permanent neglect is warranted despite a parent's participation in programs when the problem that caused the children to enter foster care has not been ameliorated (see Matter of Amanda R., 215 AD2d 220, 220 [1st Dept 1995], lv denied 86 NY2d 705 [1995]). As respondent continued to exhibit behaviors that the programs she attended were supposed to help remedy, she failed to gain insight into her parenting problems which undercut the value of having participated in them (see Matter of Jaheim B. [April M.], 176 AD3d 558 [1st Dept 2019]). Moreover, respondent failed to visit the children consistently, which in itself constituted a ground for the finding of permanent neglect (Matter of Angelica D. [Deborah D.], 157 AD3d 587, 588 [1st Dept 2018]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK