Matter of Sincere I.D. (Keith D.) (2023 NY Slip Op 01256)

Matter of Sincere I.D. (Keith D.)

2023 NY Slip Op 01256

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Webber, J.P., Oing, Scarpulla, Mendez, Rodriguez, JJ. 

Docket No. B-33043/19 Appeal No. 17494-17494A Case No. 2022-02604 

[*1]In the Matter of Sincere I.D., a Child Under Eighteen Years of Age, etc., Keith D., Respondent-Appellant. Catholic Guardian Services, Petitioner-Respondent.

Jay A. Maller, New York, for appellant.
Magovern & Sclafani, Mineola (Frederick J. Magovern of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (Ronna H. Gordon-Galchus, J.), entered on or about May 31, 2022, to the extent it brings up for review a fact-finding order of the same court (Keith E. Brown, J.), entered on or about January 21, 2022, which, after a hearing, found that respondent father permanently neglected the subject child, unanimously affirmed, without costs. Appeal from the fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of permanent neglect is supported by clear and convincing evidence of the father's failure to plan for the future of the subject child, despite petitioner agency's diligent efforts to strengthen the parental relationship (see Social Services Law § 384-b [7]). The record shows that the agency developed a plan for appropriate services, including referring the father to alcohol and drug treatment, individual therapy, anger management and parenting skills classes, scheduled regular visits with the child, and offered to assist him with subsidized housing applications (see Matter of Shilloh M..J. [Jamesina M.J.]., 183 AD3d 540, 541 [1st Dept 2020]; Matter of Asar S.W., 182 AD3d 519, 520 [1st Dept 2020]). Although the father was enrolled in some services and visited the child periodically, there was no evidence that the issues, which caused the child to enter foster care, had been ameliorated by the time the termination petition was filed (see Matter of Lamani C.H. [Lucia T.G.], 179 AD3d 501, 502 [1st Dept 2020]).
We have reviewed the father's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023