Matter of G.M.R. (A.R.) (2025 NY Slip Op 05903)

Matter of G.M.R. (A.R.)

2025 NY Slip Op 05903

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Docket No. B-04647-49/21|Appeal No. 5009-5009A|Case No. 2025-01160|

[*1]In the Matter of G.M.R., and Others, Children Under Eighteen Years of Age, etc., A.R. Respondent-Appellant, Good Shepherd Services, Petitioner-Respondent.

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.

Orders of disposition, Family Court, New York County (Valerie A. Pels, J.), entered on or about February 24, 2025, which, to the extent they bring up for review a fact-finding order, same court and Judge, entered on or about January 26, 2024, which, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject children and transferred custody to petitioner agency and the Commissioner for of Social Services of the City of New York, unanimously affirmed, without costs. Appeal from order of fact-finding, same court and Judge, entered on or about January 26, 2024, unanimously dismissed, without costs, as subsumed in the appeal from the orders of disposition.
Clear and convincing evidence supports Family Court's determination that the petitioner agency made diligent efforts to support reunification (see Social Services Law § 384-b[7][a], [f]; Matter of Sheila G., 61 NY2d 368, 384-385 [1984]). The agency developed an appropriate service plan tailored to address the father's needs and parenting challenges (see Matter of Janaya T. [Sarah T], 165 AD3d 566, 566 [1st Dept 2018]). Furthermore, the record shows that agency case planners repeatedly referred the father to services, reminded him of the importance of adhering to the service plan, attempted to schedule regular meetings and home visits, and reached out to the father's providers to confirm his participation in programming and services (see Matter of N.S. [M.H.], 228 AD3d 471, 472 [1st Dept 2024]). Regarding the father's argument that the agency was required to facilitate family therapy, the dispositional order specified that family therapy would commence when clinically indicated by the father and the children's individual mental health providers, and the children's individual therapist concluded that the children were not yet ready for family therapy with the father (see Matter of Lawanna M. [William W.], 138 AD3d 408, 409 [1st Dept 2016], lv denied 27 NY3d 907 [2016]).
Clear and convincing evidence also supports Family Court's determination that the father permanently neglected the children by failing to plan for their future for a period of more than one year (see Social Services Law § 384-b[7][a], [c]). Although the father completed a parenting skills class, he failed to comply with all other aspects of his service plan, nor did he gain insight into the problems that led to the children's removal (see Matter of Justice V. [Stephanie M.], 198 AD3d 586, 586 [1st Dept 2021]). The children's foster care placement arose from the father's use of excessive corporal punishment and abuse of alcohol, and during his testimony, the father failed to demonstrate his completion of anger management programming, refused to comply with random drug screens, stopped attending his substance abuse treatment program, and minimized his issues with alcohol (see Matter of Lamani C.H. [Lucia T.G.], 179 AD3d 501, 502 [1st Dept 2020]; Matter of Selvin Adolph F., Jr. [Thelma Lynn F.], 117 AD3d 495, 498-499 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025